In re Daniel E. FORNACHON, Debtor.

Tina FORNACHON, W. Morris Taylor P.C. and Crystal Smith, Plaintiffs,

v.

Daniel E. FORNACHON, Defendant.

Bankruptcy No. 88–00823–DPM.
Adv. No. 88–0149(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

April 26, 1989.

William K. Meehan, Clayton, Mo., for plaintiffs.

Stanford J. Carp, Clayton, Mo., for defendant.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

Daniel E. Fornachon filed his voluntary Chapter 7 case on March 15, 1988. In his Schedule A–3 the Debtor listed a debt to Morris Taylor, Attorney at Law, in the amount of $2,000. This debt arose from a Decree of Dissolution, wherein the Debtor was ordered to pay to Crystal Y. Smith, an attorney and an employee of Mr. Taylor. The Plaintiffs filed this Complaint To Determine Dischargeability of Debt on June 10, 1988. At the request of the parties, the case was continued generally to provide the parties with an opportunity to submit this adversary to the Court on a Joint Stipula-

tion of Facts and briefs. The final Defendant's Response Brief was submitted on January 13, 1989.

### FACTUAL BACKGROUND

The Honorable Robert Lee Campbell of the Circuit Court of St. Louis County, Missouri, after a contested trial, entered his Order dissolving the marriage of the Debtor, Daniel Fornachon, and Tina Fornachon, on March 25, 1987. The Decree of Dissolution provided in part:

"Petitioner [Tina Fornachon] is awarded the care, custody and control of the [two] minor children born of the marriage.

Petitioner is awarded and respondent is ordered to pay to petitioner the sum of Two Hundred Dollars ($200.00) per month as and for the support of each of said minor children.

The Court sets apart to petitioner as petitioner's separate property her fur coat of a value of Five Hundred Dollars ($500.00) and her wedding ring of a value of One Hundred Dollars ($100.00). Out of the marital property of the parties, petitioner is awarded the Mazda motor vehicle and all household furniture, furnishings and personal property in petitioner's possession. Out of the marital property of the parties, respondent is awarded all household furniture, furnishings and personal effects in his possession. The parties are ordered to file a joint 1986 Federal Tax Return, and petitioner is awarded ninety percent (90%) of the income tax refund and respondent is awarded ten percent (10%) of the income tax refund.

Petitioner is awarded and respondent is ordered to pay to petitioner maintenance in gross in the sum of Five Thousand Four Hundred Dollars ($5,400.00),[1] payable at the rate of One Hundred Fifty Dollars ($150.00) per month, which maintenance shall not bear interest and shall end on the death or remarriage of petitioner or the death of respondent. Peti-

---

1. Later Judge Campbell increased the maintenance in gross from $5,400.00 to $7,200.00 payable over a three year period.

tioner is awarded and respondent is ordered to pay to Crystal Y. Smith the sum of Two Thousand Dollars ($2,000.00) to apply upon petitioner's attorney fees, said award to include any and all pendente lite awards heretofore made."

At the time of the dissolution, Mrs. Fornachon was unemployed, while her husband had a weekly gross income of $440.00. Her monthly expenses were $1,724.00 and his were $1,237.90. They had been married approximately nine years.

DISCUSSION

The sole issue before this Court is whether or not the $2,000.00 award of attorney's fees constitutes support as that term is used in Section 523(a)(5)(B) of Title 11 of the United States Code, as amended:

"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

It is well established in the Eighth Circuit that the obligation of one spouse to pay the attorney's fees of the other spouse, as provided in a state court dissolution decree, may be "support" for bankruptcy purposes and thus non-dischargeable. *In re Williams*, 703 F.2d 1055 (8th Cir.1983). The crucial question is the function the award was intended to serve. The *Williams* court noted:

"Though we of course regard the decisions of the state courts with deference, bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement."

In most cases the Bankruptcy Judge must sift through the dissolution decree and testimony to determine what the facts and circumstances were at the time of the dissolution trial to determine what function the award was intended to serve. Courts have devised a list of factors to guide them in determining whether an award was intended as support or simply a property settlement. See *In re Neely*, 59 B.R. 189 (Bankr.D.S.D.1986).[2] Among other considerations, these factors weigh the disparity between the husband and wife as to their health, age, education, earning capacity, work skills and current employment. Although it is not always clear from the decree of dissolution, another factor that should be determined is whether the court intended to provide support. In the instant case, the parties took the deposition of Judge Campbell and he made it crystal clear what his intentions were. He pointed out that the case was contested and the awards were not based on a settlement. Judge Campbell provided the following information in his deposition:

"Q. Before I ask you about specific questions can I ask you under Chapter 452 Revised Statute of Missouri, under what factors does the Judge consider granting an attorney's fee award in a dissolution act?

A. I consider a number of factors depending on the case.

Q. What are the statutory factors, I guess, I'm asking. What statutory things does the court look at?

A. I don't look at statutory items as much as I do with wide discretion to attorney's fees given by the court. In some instances the attorney's fees are marital property division or in connection

**2.** See *In re Coffman*, 52 B.R. 667, 674–75 (Bankr.D.Md.1985) wherein Judge Mannes reviewed over thirty decisions and then compiled a list of 18 factors as assisting courts in determining the parties' true intent at the time of the dissolution.

with marital property division and in some cases they are support or maintenance.

In this particular case they are support and maintenance because there was no marital property. There was no reason to equalize in anyway the marital property because in effect there wasn't any.

Plaintiff, Petitioner was unemployed. Respondent did not have enough money to pay all of the bills and there basically was no marital property.

Q. If I could backtrack, are you telling us to look at the relative earning capacity and the history of the parties? Is that one of the factors you considered in forming the attorney's fees award in this case?

A. Yes, it definitely was because Plaintiff, Petitioner was unemployed." Pages 7 and 8.

"Q. When you fashion an attorney's fee award do you intend them to be a portion, do you intend them to be part of the maintenance and support that you also award?

A. Not in every case. I did in this case. Sometimes I award them as part of the overall marital settlement structure." Page 14.

"Q. In your case it was to make it part of the maintenance and support?

A. Yes." Page 15.

When Judge Campbell awarded the $2,000.00 attorney fee, he obviously took into consideration many of the same factors listed in *In re Coffman, supra,* such as employment and relative earning capacity. His testimony clearly reveals that he intended the award of attorney's fees to serve as support and not as a division of property.

Accordingly, upon consideration of the record, briefs, and Judge Campbell's deposition, I find the award of $2,000.00 as attorney fees was intended as support for Tina Fornachon and not dischargeable as a debt, pursuant to 11 U.S.C. § 523(a)(5)(B). An Order consistent with this Memorandum Opinion shall be issued this date.

ORDER

The Plaintiffs filed this Complaint To Determine Dischargeability of Debt on June 10, 1988. At the request of the parties, the case was continued generally to provide the parties with an opportunity to submit this adversary to the Court on a Joint Stipulation of Facts and briefs. The final Defendant's Response Brief was submitted on January 13, 1989. For the reasons stated in a separate Memorandum Opinion entered this date, it is

ORDERED that the Plaintiffs' request to determine the attorney's fees to be nondischargeable is SUSTAINED; the debt owed by Daniel E. Fornachon to Tina Fornachon, W. Morris Taylor, P.D., and Crystal Smith in the amount of $2,000.00 is not discharged in this bankruptcy; and, judgment be and it hereby is GRANTED in favor of Plaintiffs and against Defendant in the principal sum of $2,000.00, together with interest thereon at the rate of nine percent per annum (9%) from the date of this Order until satisfied, plus costs. Plaintiffs' request for additional attorney's fees incurred in this adversary is DENIED.