In re Larry Ray
**FITZSIMMONS, Debtor.**

**Mary C. FITZSIMMONS, Plaintiff,**

v.

**Larry Ray FITZSIMMONS, Defendant.**

**Bankruptcy No. 89–01379–BKC–DPM.
Adv. No. 89–0173(2).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 6, 1990.

**913**

William J. Wegge, Jr., Hillsboro, Mo., for plaintiff.

Joseph S. Rosenthal, St. Ann, Mo., for debtor/defendant.

Gerald A. Rimmel, Clayton, Mo., trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pur-

suant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### II. PROCEDURAL BACKGROUND

On February 8, 1989, Larry Ray and Mary C. Fitzsimmons obtained a Decree Of Dissolution Of Marriage in the Circuit Court of Jefferson County, Missouri. The final decree incorporated the parties' Separation Agreement which governed the disposition of financial and property matters. Larry Ray Fitzsimmons filed his voluntary Chapter 7 case on April 7, 1989. In his Schedule A–3 the Debtor listed a debt to Mary C. Fitzsimmons, Plaintiff herein, in the amount of $6,200. This debt arose from the Decree of Dissolution, wherein the Debtor was ordered to assume certain joint debts and hold Plaintiff harmless thereon.

The Plaintiff filed her Complaint To Determine Dischargeability Of Debt on July 12, 1989. The parties filed a Pre–Trial Stipulation And Submission By Stipulation on September 5, 1989. No additional testimony was presented and, upon the request of the parties, the Court took the matter under submission.

### III. FACTUAL BACKGROUND

The facts are not in dispute. According to the Stipulation filed by the parties, the marriage of Debtor/Defendant Larry Ray Fitzsimmons and Plaintiff Mary C. Fitzsimmons was dissolved on February 8, 1989, in the Circuit Court of Jefferson County, Missouri. The Decree of Dissolution and Separation Agreement entered that date by the Honorable John L. Anderson provided that the Debtor was to assume certain marital debts payable to Kemba Credit Union, First Card and Jefferson Memorial Hospital, and hold Plaintiff harmless thereon. Similarly, the Plaintiff assumed the remaining joint debts and pledged to hold the Debtor harmless on those debts. In addition, both the Plaintiff and Debtor/Defendant waived maintenance and each party assumed responsibility for their respective attorney's fees. Mary C. Fitzsimmons was awarded custody of their minor child, Angela Marie Fitzsimmons, and the Debtor agreed to

make child support payments in the amount of $50 per week. The balance of the Separation Agreement dealt with the disposition of real and personal property held by the parties.

## IV. DISCUSSION AND ANALYSIS

The question presented is whether an indemnification agreement created under a decree of dissolution of marriage is dischargeable in bankruptcy. The issue is controlled by the application of 11 U.S.C. § 523(a)(5)[1] to the facts before the Court. Section 523(a)(5) provides that debts to a spouse, former spouse, or child are not dischargeable if they are for alimony, support or maintenance. The legislative history accompanying this provision specifies that "[w]hat constitutes alimony, maintenance, or support will be determined under the bankruptcy laws, not State law." H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 6320. In addition, the House Report notes that Section 523(a)(5) will:

> make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, *to the extent that* the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement. *Id.* (emphasis added)

Therefore, the question of dischargeability involves a factual examination of the nature and function of the "hold harmless" agreement. That is, this Court must determine whether the agreement at issue is actually in the nature of alimony, maintenance or support, or is simply part of a property settlement. *In re Fornachon* 99

B.R. 428, 430 (Bankr.E.D.Mo.1989); citing, *In re Williams* 703 F.2d 1055, 1057 (8th Cir.1983).

The Court begins its examination with reference to the dissolution decree and the facts and circumstances present at the time of the dissolution trial in order to determine what function the award was intended to serve. *Fornachon* 99 B.R. at 430. A number of courts have adopted a list of factors to guide them in determining whether an award was intended as support or simply a property settlement. *See, e.g., In re Neely,* 59 B.R. 189 (Bankr.S.D.1986); and *In re Coffman,* 52 B.R. 667 (Bankr.Md. 1985). These factors include measurements of the relative disparity between the husband and wife as to their health, age, education, earning capacity, work skills and current employment. *Fornachon,* 99 B.R. at 430. Another factor that should be determined is whether the court intended to provide support.

In the case before the Court, the parties entered into a Separation Agreement which placed the minor child in the primary custody and care of her mother and required the Debtor/Defendant to make weekly child support payments. A full and complete reading of the Decree of Dissolution and Separation Agreement reveals that the parties intended that the balance of the agreement was to serve as a property settlement. Nothing in the Decree of Dissolution or in any of the evidence presented to this Court indicates that the parties intended otherwise. The "hold harmless" agreement in no way relates to the Debtor's support obligations to his daughter. Judge Anderson approved the Separation Agreement and found that the "... marital property and debts of the parties have been divided by mutual agreement...." Decree of Dissolution, p. 3.

---

1. Section 523(a)(5)(B) provides that:
   (a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record,

determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
   (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability *is actually in the nature of* alimony, maintenance or support. (emphasis added)

Therefore, this Court finds that the assumption of debts by the Debtor and his pledge to hold Plaintiff harmless thereon were in the nature of a property settlement and are dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5)(B).

An order consistent with this Memorandum Opinion shall be issued this date.