**UNITED STATES FIDELITY AND GUARANTY COMPANY,
Plaintiff-Appellant,**

v.

**Marion C. HILES and June E. Hiles,
Defendants-Respondents,**

and

**Richard Unwin and Clayton Metro Bank, Defendants.**

No. 47732.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Application to Transfer Denied
June 19, 1984.

William Sitzer, St. Louis, for plaintiff-appellant.

John L. Sullivan, St. Louis, for defendants-respondents.

CRANDALL, Judge.

Plaintiff appeals from a decree declaring that defendants, Marion C. Hiles and June E. Hiles, husband and wife, hold a parcel of real property as tenants by the entirety, June Hiles holding free from any interest of plaintiff. We affirm as modified.

The facts giving rise to this action are complex, so we set them out at length. Defendant Marion C. Hiles was employed by Hampton Bank of St. Louis from 1964 until October 1977, beginning as a loan officer and ending as a senior vice president. Between February 10, 1965 and August 8, 1977, he embezzled $435,000 from the accounts of some of the bank's customers. Plaintiff, as the bank's insurer, reimbursed Hampton Bank for its loss and was assigned the claim against Marion Hiles. Plaintiff, therefore, stands as assignee of and equitable subrogee to the rights of Hampton Bank. No dispute exists as to plaintiff's standing in this action.

On April 11, 1979, plaintiff obtained a judgment against Marion Hiles for $435,000 in the United States District Court for the Eastern District of Missouri. That judgment was duly registered as a foreign judgment in St. Louis County, Missouri, and remains unsatisfied. On January 29, 1981, plaintiff brought the present action. The petition requested that a conveyance of certain real property be set aside as fraudulent, that a constructive trust be imposed on that real property, and that an equitable accounting of all money embezzled be made. The defendants are Marion Hiles and June Hiles, Richard Unwin and Clayton Metro Bank. Unwin and Clayton Metro Bank are trustee and beneficiary, respectively, of a deed of trust securing a promissory note on the real property that is the subject of this suit. Plaintiff conceded in its petition, as it has throughout the litigation, that its interest would be subject to any interest of Unwin and Clayton Metro Bank. Unwin and Clayton Metro Bank are not parties to this appeal.

The real property involved is the residence of the defendants. They purchased the property on Hackamore Lane in St. Louis County on May 12, 1967. At that time they executed a note and deed of trust in the amount of $31,750. The evidence at trial as to the total purchase price of the residence was equivocal. At one point the general counsel for the lending institution, Clayton Metro Bank, testified that the purchase price was $31,750 with the bank taking a lien on the Hackamore property and a lien on another house owned by the defendants on Ridge Forest. At another point the witness testified that "I just don't see anything that shows the exact purchase price."

Prior to May 12, 1967, Marion Hiles had already embezzled some $55,000 from Hampton Bank. On August 15, 1968, the Hiles executed a new deed of trust as security for a loan of $16,000. This was done to reduce the debt on the earlier note and deed of trust. The funds for this reduction came from the sale of the other house on Ridge Forest. On September 14, 1979, after the judgment in federal court, Marion Hiles and June Hiles together executed a quit-claim deed conveying the property to June Hiles individually. The petition sought to have this conveyance set aside as fraudulent.

The suit was tried to the court sitting without a jury. Plaintiff presented its evidence, showing the facts recited above. Defendants Marion Hiles and June Hiles did not present any evidence nor did they testify. Each had invoked the fifth amendment to preclude pre-trial discovery concerning both the original acquisition of the property in 1967 and the conveyance in 1979.

The court entered written findings of fact and conclusions of law. The court found that "Mr. and Mrs. Hiles borrowed substantially all of the funds required for the purchase of the residence from Clayton Bank." It further found "that on May 12, 1967, Defendant Marion C. Hiles and Defendant June E. Hiles took title to the real property in question as tenants by the entirety." The court set aside the September 14, 1979 quit-claim deed, concluding that that "conveyance [was] with the intent to hinder, delay and defraud the creditors of Defendant Marion Hiles." Finally the court decreed that "Marion Hiles holds his interest ... as a constructive trustee for Plaintiff ..., subject only to the interests of Defendant Richard Unwin and Clayton Metro Bank." Plaintiff appeals the portions of the judgment declaring that Mr. and Mrs. Hiles hold the property as tenants by the entirety and denying it a constructive trust on Mrs. Hiles' interest.

We note first our standard of reiew in this court-tried case. We will affirm the judgment of the trial court if there is substantial evidence to support it, it is not against the weight of the evidence, and the trial court does not erroneously declare or apply the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

Plaintiff raises two points. The first alleges that the trial court erred in finding that Marion and June Hiles hold the property as tenants by the entireties. Plaintiff's second point alleges that the court erred in failing to impose a constructive trust on June Hiles' interest. The two points are interrelated. We therefore address them together.

■ A tenancy by the entireties is created when a husband and wife acquire property so that the following four elements are present: (1) they take one and the same interest; (2) they take that interest by the same conveyance; (3) the interests commence at the same time; and (4) they hold by one and the same undivided possession. *In re Estate of King v. Smith,* 572 S.W.2d 200, 211 (Mo.App.1978). The distinctive characteristic of an estate by the entirety is that it is deemed to be owned by a single entity, the marital community. Each spouse is deemed to be seized of the whole, entitled to the use and enjoyment of the whole. Upon the death of one spouse "[t]he surviving spouse continues to hold the whole title because there is no one to share it—not because of survivorship, which effects a change in the person only and not the estate." *Id.* (Citations omitted.) No unilateral act of one spouse can divest the other's interest, so that entirety property cannot be levied on to satisfy the individual debt of one spouse. *Hanebrink v. Tower Grove Bank & Trust Co.,* 321 S.W.2d 524 (Mo.App.1959).

■ A constructive trust is a device employed by a court of equity to provide a remedy in cases of actual or constructive fraud or unjust enrichment. *Murphy v. Olds,* 508 S.W.2d 249 (Mo.App.1974). It may be imposed

> where, as the result of the violation of confidence or faith reposed in another, or fraudulent act or conduct of such other, the plaintiff ... has been wrongfully deprived of, or has lost, some title, right, equity, interest, expectancy, or benefit, in the property which, otherwise and but for such fraudulent or wrongful act or conduct, he would have had.

*Suhre v. Busch,* 343 Mo. 679, 123 S.W.2d 8, 15 (1938). The plaintiff may seek to impose the constructive trust on the specific property after it has left the wrongdoer's hands, until it reaches the hands of a bona fide purchaser. The plaintiff may also seek to impose the constructive trust on, or "trace" his property into, the proceeds of the property which are in the hands of the wrongdoer. In this latter event, the plaintiff may recover any profit or increase in value that has accrued. *McHenry v. Brown,* 388 S.W.2d 797, 805 (Mo.1965). The plaintiff is limited, however, to a proportionate interest in the proceeds, if other "clean" or separate property is commingled with wrongfully taken property to produce the price paid for the proceeds. *Id.* The plaintiff must prove his claim, both the fact of wrongful taking and any "tracing," by clear, cogent and convincing evidence. *Mahler v. Tieman,* 550 S.W.2d 623 (Mo. App.1977).

It is undisputed that the embezzlement by Marion Hiles is a sufficient wrongful act to give rise to a constructive trust. The dispute is whether plaintiff has met its burden in tracing the embezzled money into the real estate in question.

■ The trial court found that "substantially all" of the money for the purchase of the real estate on May 12, 1967, came from borrowed funds. In fact, there is no evidence to show that the sale price of the property exceeded the loan of $31,750. The proceeds of the sale of the first house of the defendants was applied to that loan resulting in a net loan of $16,000. No showing has been made that embezzled funds went into that first house; therefore, those proceeds would be free from a constructive trust.

■ The next question is whether "tainted" money was used to make pay-

ments on the $16,000 mortgage. Although the answer of defendants Richard Unwin, Trustee, and Clayton Metro Bank pled that $10,077.81 remained unpaid on the mortgage, the record is devoid of any proof that there has ever been any reduction in the original $16,000 debt. Since, as a matter of proof, plaintiff has failed to trace any stolen money into the Hackamore real estate, it is not entitled to a constructive trust on June Hiles' interest.

▮ Finally, there has been no showing that the necessary elements of a tenancy by the entirety are missing. The trial court, therefore, properly determined that Marion and June Hiles own the Hackamore property as tenants by the entirety. It necessarily follows that the portion of the trial court's decree which imposed a constructive trust on Marion Hiles' interest is a nullity. We therefore vacate that part of the decree.

The judgment of the trial court is affirmed as modified.

KAROHL, P.J., and REINHARD, J., concur.