In the Estate of Emma
KENNEDY, Respondent,

v.

Dorothy MILES, Appellant.

No. WD 41461.

Missouri Court of Appeals,
Western District.

Aug. 1, 1989.

Robert J. Schuber, Sedalia, for appellant.

Thomas T. Keating, Sedalia, for respondent.

---

Before CLARK, P.J., and LOWENSTEIN and BERREY, JJ.

BERREY, Judge.

Emma Kennedy departed this life June 21, 1984. She died testate and her will was admitted to probate in Pettis County, Missouri. In her will she left a specific cash bequest as follows: "To my cousin, Herman Miles, and his wife, Dorothy Miles, or the survivor, if either should predecease me the total sum of Two Thousand Dollars ($2,000.00)."

Appellant challenges the trial court's approval of the final settlement and order of distribution because that order treated the specific bequest as a bequest to tenants in common rather than as tenants by the entirety. The final settlement proposes to credit the amounts due to Herman to the partial satisfaction of his debt to decedent's estate.[1] The specific bequest is thus divided into separate bequests, one for Herman and one for Dorothy.

In *Lomax v. Cramer*, 202 Mo.App. 365, 216 S.W. 575 (1919), cited by both parties, the court held that "[W]hen a husband and wife take an estate by the entirety, they hold, not as separate individuals ... but as one person, each holding the whole of it." Upon the death of either the entire estate belongs to the survivor.

■ Four elements are required in creating a tenancy by the entireties: (1) they take one and the same interest; (2) they take that interest by the same conveyance; (3) the interests commence at the same time; and (4) they hold by one and the same undivided possession. *United States Fidelity and Guaranty Co. v. Hiles*, 670 S.W.2d 134, 137 (Mo.App.1984). Although these elements are descriptive of real property they can be appropriately applied to the present situation. Thus, they fit the bequest in the instant case. It may be said

that the verbiage "or the survivor, if either should predecease me," merely explains the testator's intent that the bequest should go to the survivor.

There is no showing here that Dorothy Miles acted in any manner so to affect the entireties estate. The entire bequest of $2,000 should be paid to Herman and Dorothy Miles. Point I is ruled in favor of appellant.

■ For her second assignment of error the appellant claims the trial court erred in approving the final settlement without awarding interest on the specific bequest.

Section 473.633.1, RSMo 1986, provides that a cash bequest shall bear interest "at a rate equal to that allowed by law on money due upon order of the court" from twelve months after the death of the testator. A caveat herein provides that if the court finds that "the legacies cannot be paid without jeopardizing the rights of interested parties because of litigation or other circumstances, the court shall determine what rate of interest, if any, not exceeding the rate allowed by law ... shall be allowed, after taking into consideration the income of the estate." *Id.*

This was a very modest estate. However, the judge failed to comply with § 473.633.1, RSMo 1986, by not making a finding in accordance with the statute as to whether he intended to alter or deny an interest payment. Point II is ruled in favor of appellant.

■ For Point III appellant challenges the amount of the indebtedness claimed by the estate as due from Herman Miles. This matter was discussed in Point I herein. It is enough to reiterate that an estate by the entirety cannot be alienated by the conduct of one of the spouses. *United States Fidelity and Guaranty Co. v. Hiles, supra,* 670 S.W.2d at 134.

1. The Third National Bank of Sedalia, Missouri, made a claim against the estate on a demand note executed by Herman and his cousin, the decedent. The trial court allowed this claim and the same was paid in full from the estate assets.

The cause is remanded to the trial court to amend the final settlement so that the full bequest of $2,000 is awarded to Herman and Dorothy Miles. Further, the trial court is to determine whether or not interest is due and if due, the amount of interest on the bequest, pursuant to § 473.633.1 and make findings thereon.

All concur.