**Margie GARNER, Appellant,**

v.

**Bruce E. STRAUSS, Trustee, Appellee.**

**No. 88–1178–CV–W–1.**

United States District Court,
W.D. Missouri, W.D.

Nov. 20, 1990.

Larry E. Sells, Kansas City, Mo., for appellant.

Michael Hufft, Kansas City, Mo., for appellee.

## ORDER

WHIPPLE, District Judge.

This matter is before the court on appeal from the bankruptcy court. The appellant, Margie Garner, appeals Bankruptcy Judge Karen M. See's Findings of Fact, Conclusions of Law and Final Judgment, entered on June 3, 1988. Therein, Judge See determined that stock held jointly by the bankrupt and his nonbankrupt spouse, Margie Garner, should be included in the bankruptcy estate and sold to satisfy any joint debt, although the stock is held in tenancy by the entirety. For the reasons set forth below, Judge See's Findings of Fact, Conclusions of Law and Final Judgment will be reversed.

## FACTS

The bankrupt is Franklin Garner, Appellant's husband. On March 15, 1988 the trustee, Bruce E. Strauss, filed a Complaint For Turnover of Property against Franklin and Margie Garner, wherein the trustee sought possession of all shares of stock owned by them in B & G Sand and Gravel, Inc. and Document Service Center, Inc. On April 20, 1988 Franklin and Margie Garner filed separate answers to the complaint, and on May 2, 1988 they filed an amended answer. On May 31, 1988 Judge See held a hearing on the matter. On June 3, 1988 Judge See entered her Findings of Fact, Conclusions of Law and Final Judgment, wherein she determined that all shares in B & G Sand and Gravel, Inc. and in Document Service Center, Inc. owned as tenants by the entirety by Franklin and Margie Garner should be turned over to the trustee, made part of the bankruptcy estate and sold to satisfy any joint debt. Judge See also determined in her findings that the bankrupt and Appellant are jointly indebted to the Internal Revenue Service in the approximate amount of $14,500.00, to the law firm of Stoup & Thompson in the principal amount of $150,000.00, and to

Leasing Service Corporation for an indeterminate amount. On June 10, 1988 Margie Garner filed a notice of appeal, and on December 15, 1988 Appellant, Margie Garner, filed a pro se brief. On May 26, 1989 counsel for Appellant filed a brief which supersedes the pro se brief and will be the brief considered by the Court. On July 3, 1989 Appellee, the trustee, filed his responsive brief.

## DISCUSSION

Appellant argues that Judge See erred in ruling that all shares of stock owned in tenancy by the entirety by the bankrupt and Appellant should be included in the bankruptcy estate to satisfy any joint debts. Appellant states that Judge See erred in her reliance and interpretation of the relevant case law regarding this issue. In ruling, Judge See relied on the holdings in *In re Magee*, 415 F.Supp. 521 (W.D.Mo.1976), and *In re Townsend*, 72 B.R. 960 (Bankr.W.D.Mo.1987).

Appellant argues that Judge See did not interpret the decision in *In re Magee* correctly, and thus erred in relying on it for her ruling. Appellant also contends that the holding by Bankruptcy Judge Frank W. Koger in *In re Townsend* was an aberation, and not consistent with existing bankruptcy law or applicable Missouri law. Appellee, in his brief, agrees that *In re Townsend* is an aberation in the law, but argues that Judge See did not err in her findings because the holding in *In re Magee, supra*, and bankruptcy provisions 11 U.S.C. §§ 541(a)(1), 522(b)(2)(B) support her ruling.

In Missouri, "in order for property owned by a husband and wife as tenants by the entireties to be reached by a judgment creditor there must be a joint judgment against both spouses ..." *Farmington Production Credit Ass'n v. Estes*, 504 S.W.2d 149, 151 (Mo.App.1974). When the bankrupt's debts are discharged, he is effectively no longer "indebted" to most creditors, including joint creditors. *See*, 11 U.S.C. §§ 727, 1228 and 1328. Therefore, if the bankrupt is no longer indebted to his creditors, his creditors cannot obtain a

judgment against the bankrupt because he is effectively not indebted to them. Consequently, joint creditors are precluded from obtaining a joint judgment and from enforcing their claim against property held in tenancy by the entirety since they must get a judgment against both spouses in order to execute on tenancy by the entirety property.

The court sought to remedy this problem in *In re Magee, supra.* The court held that a bankruptcy court may use its equitable powers to lift an automatic stay to allow joint creditors to obtain a judgment in state court against the bankrupt (before his debts are discharged) and nonbankrupt spouse, so that joint creditors can execute on entirety property to satisfy joint obligations. *In re Magee,* 415 F.Supp. at 524–525. Significantly, the court noted that "since the bankrupt's wife had not joined him in a consolidated bankruptcy proceeding, an estate by the entirety held by the bankrupt and his wife would not pass to the trustee [bankruptcy estate]." *Id.*

The lift from automatic stay procedure outlined in *In re Magee* provided a remedy to the problem faced by certain joint creditors when one spouse declares bankruptcy. However, it is clear that the opinion in *In re Magee* in no way stood for the proposition that tenancy by the entirety property is part of the bankruptcy estate. In fact, the entire opinion is based on the fundamental conclusion reached by the court that tenancy by the entirety property does *not* come into the bankruptcy estate if only one spouse is in bankruptcy.

Judge Koger in *In re Townsend, supra,* took the holding in *In re Magee* one step further. Instead of going through the legal "gymnastics" outlined in *In re Magee,* Judge Koger held that tenancy by the entirety property comes into the bankruptcy estate to the extent it is necessary to satisfy any joint debts. *In re Townsend,* 72 B.R. at 966. Therefore, there would be no need for joint creditors to obtain a lift of the automatic stay since the joint debts of a bankrupt and nonbankrupt spouse could be handled within the bankruptcy proceedings.

Judge Koger based his decision on the Missouri Supreme Court's recent ruling in *Townsend v. Townsend,* 708 S.W.2d 646 (Mo. banc 1986). In *Townsend,* the Court held that interspousal immunity does not apply in cases of intentional torts. In reaching this opinion, the Missouri Supreme Court noted that interspousal immunity "flowed as a by-product from the common law concept of oneness of the 'identity of spouses'." *Id.* at 647. This concept is otherwise known as the unity doctrine or unity fiction. Basically, the unity doctrine espouses the theory that husband and wife are one entity, enjoying certain rights and interests together, but not apart from each other. Thus, in certain legal circumstances (those dependent on the unity doctrine) all rights and interests belong to the marriage, not the husband or wife individually. The *Townsend* court rejected the unity doctrine with regard to interspousal immunity and intentional torts; however, the Court clearly did not reject the unity doctrine as it applies to other areas of law dependant on this doctrine, such as tenancy by the entirety law. *Townsend v. Townsend,* 708 S.W.2d at 650.

Judge Koger acknowledged that *Townsend v. Townsend* did not affect Missouri tenancy by the entirety law. However, based on the *Townsend* opinion, Judge Koger "prognosticated" about what the law in Missouri might be in the future with regard to tenancy by the entirety law. Judge Koger surmised that "Missouri has demonstrated its willingness to abandon the aged and out-moded fiction that husband and wife are, under all circumstances, one person in the law, ..." *In re Townsend,* 72 B.R. at 963. Based on this interpretation of *Townsend,* Judge Koger found that tenancy by the entirety property does come into the bankruptcy estate pursuant to § 541 even if one spouse is not in bankruptcy. Koger reasoned that if the unity doctrine was completely abolished the bankrupt spouse would have individual rights in the property, apart from his spouse's. Moreover, the property, once in the estate, would not be exempt pursuant to § 522 to the extent of joint debts owed by the debtor and nonbankrupt spouse. *Id.* at 966.

Although Judge Koger rendered his opinion based on equitable principles and the best of intentions, he did not follow the current law of Missouri regarding the unity doctrine and its affect on tenancy by the entirety property. His opinion, in his own words, was a "prognostication". *Id.* at 963. The court finds that Judge Koger's opinion in *In re Townsend* was an aberation from the applicable bankruptcy and state law which mandated a different result than that reached by Judge Koger and, later, Judge See in the case at bar.

■ Under the Bankruptcy Code all legal and equitable interests of the debtor in property as of the commencement of the case becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). However, pursuant to 11 U.S.C. § 522(b)(2)(B) a debtor may

> "[n]otwithstanding section 541 of this title, ... exempt from property of the estate ... any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law."

Absent a federal property law, the term "applicable nonbankruptcy law" means the relevant state law, in this case Missouri law.

In *In re Farmers Markets, Inc.*, 792 F.2d 1400 (9th Cir.1986), the court held that § 541(a)(1) "merely defines what interests of the debtor are transferred to the estate. It does not address the threshold questions of the existence and scope of the debtor's interest in a given asset." *Id.* at 1402. Those questions are resolved by reference to nonbankruptcy law. *Id.*

Thus, in order to determine what legal or equitable interests of the bankrupt-debtor are included in the bankruptcy estate, the court must look to Missouri law. Specifically, the issue before the court is whether property owned by the bankrupt in tenancy by the entirety is included in the bankruptcy estate when the bankrupt's spouse is not joined in the bankruptcy. Upon careful review of Missouri law regarding this issue, it becomes clear that property held in tenancy by the entirety cannot be included in the bankruptcy estate pursuant to § 541 when only one spouse is in bankruptcy. The Missouri courts have consistently held that the bankrupt's property held in tenancy by the entirety cannot be included in the bankruptcy estate because the bankrupt, without his spouse, does not have any legal or equitable interest in property by the entirety.

■ In Missouri, it is well established that "the distinctive characteristic of an estate by the entirety is that it is deemed to be owned by a single entity, the marital community." *U.S. Fidelity and Guaranty Company v. Hiles*, 670 S.W.2d 134, 137 (Mo.App.1984); *See also, Matter of Estate of Hughes*, 735 S.W.2d 787 (Mo.App.1987); *State ex rel. State Highway Commission of Missouri v. Morganstein*, 649 S.W.2d 485 (Mo.App.1983); *In re King's Estate*, 572 S.W.2d 200 (Mo.App.1978); *Coffey v. Coffey*, 485 S.W.2d 167 (Mo.App.1972); and *Cann v. M & B Drilling Co.*, 480 S.W.2d 81 (Mo.App.1972). "[T]he estate is not held by moieties or halves, but both tenants hold and own the entire estate as a single person." *Leuzinger v. Merrill Lynch, Pierce, Fenner and Smith*, 396 S.W.2d 570, 580 (Mo. banc 1965).

■ This principle was lucidly illustrated in *Vaughn v. Spitz*, 682 S.W.2d 847 (Mo. App.1984), where a judgment creditor attempted to garnish money in a bank account held in tenancy by entirety by the debtor and his spouse. The court held that the

> defendant [debtor] did not have a bank account at the bank to be attached. In an entireties bank account as well as other entireties property, each of the tenants has an undivided interest in the whole of the property and no separate interest.... The account was not defendant's but an account owned by defendant and his wife as a 'single person'.

*Id.* at 849. Therefore, the bankrupt-debtor who owns property by the entirety, does not own the entirety property himself, but rather, he and his wife own the property as

one entity. Thus, the inevitable conclusion is that the bankrupt-debtor, without his wife, has no legal or equitable interest in property by the entirety, and thus the property cannot be included in the bankruptcy estate.

Since the Missouri Supreme Court's decision in *Townsend v. Townsend, supra,* the Missouri courts have not extended the *Townsend* ruling to encompass the law of tenancy by the entirety. In *Strout Realty, Inc. v. Henry,* 758 S.W.2d 197 (Mo.App. 1988), the Missouri Court of Appeals held that *Townsend v. Townsend* did not extinguish the principle of unity of husband and wife with regard to tenancy by the entirety property. There may be a trend toward total extinction of the unity doctrine with regard to all areas of law based on this doctrine, however it is clear that this trend has yet to reach the level of law in the state of Missouri.

Until such time as the Missouri courts abolish the unity doctrine with regard to tenancy by the entirety property, the bankruptcy courts and all other federal courts in Missouri must pay deference to *existing* Missouri property law. Although the court sympathizes with Judge Koger's and Judge See's efforts to bring about the most efficient and equitable result when dealing with this particular situation, the court cannot affirm Judge See's findings which completely ignore existing state law. Neither the bankruptcy courts nor other federal courts in Missouri have the luxury of ruling based on prognostications of what relevant state law will be, or, in particular, should be—that is a luxury that only the Missouri courts can afford.

In conclusion, the court finds that tenancy by the entirety property cannot be included in the bankruptcy estate when only one spouse is in bankruptcy. The court recognizes the injustice or "legal fraud" which may result from this court's conclusion, but as Bankruptcy Judge Dennis J. Stewart aptly stated in *In the Matter of Anderson,* 12 B.R. 483, 491 (Bankr.W.D. Mo.1981), "The court cannot be wiser than the law."

Considering the court's ruling, it is not necessary to discuss the exemption of Appellant's tenancy by the entirety property after it is included in the bankruptcy estate. Nor is it necessary to discuss Judge See's findings regarding the amount of joint debt owed.

Accordingly, it is

ORDERED that Judge Karen M. See's Findings of Fact, Conclusions of Law and Final Judgment, entered on June 3, 1988, are reversed. It is further

ORDERED that the Trustee return to Frank and Margie Garner all property held by them in tenancy by the entirety. It is further

ORDERED that this case is remanded to the bankruptcy court for further proceedings consistent with this opinion.