**In re Cecil C. CHARLES, Debtor.**

**LANDMARK BANK, Plaintiff,**

**v.**

**Cecil C. CHARLES, Julie S. Charles, and Gerald A. Rimmel, Defendants.**

**Bankruptcy No. 87–00270–BKC–DPM.
Adv. No. 88–0112.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Jan. 22, 1991.

Milton P. Goldfarb, Clayton, Mo., for plaintiff.

David A. Warfield, St. Louis, Mo., for debtor.

Deborah Benoit, St. Louis, Mo., for trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), which the Court may hear and determine.

### II. INTRODUCTION

On January 27, 1987, Cecil C. Charles filed his voluntary petition for protection under Chapter 7 of the Bankruptcy Code. At the time, the Debtor and his non-debtor wife, Julie S. Charles, maintained a bank account at Landmark Bank ("Landmark"). Upon the request of Gerald A. Rimmel, duly appointed Trustee, the funds contained in the bank account, totaling $2,977.50, were transferred by Landmark to the Trustee on April 19, 1987, and such funds remain in his possession. Thereafter, Cecil and Julie Charles demanded the return of the funds and asserted that the account was not properly included in the bankruptcy estate.

Plaintiff, Landmark Bank, filed its Complaint to Determine Liability for Transfer and Rights of Trustee. Cecil and Julie Charles, through their attorney, filed a memorandum in support of their contention that the funds on deposit at Landmark Bank were held in a tenancy by the entirety and, as such, were not properly included in the bankruptcy estate of Cecil Charles. Thereafter the Trustee filed his memorandum. The Trustee conceded that the bank

account is entireties property, but maintained that it is not exempt to the extent of joint obligations of the Debtor and his non-debtor wife. The parties filed a Joint Stipulation of Facts and, upon their request, the Court took the matter under submission.

The Court, having examined the pleadings filed in this matter, having received and examined memoranda of law submitted by the parties in support of their respective positions, and being fully advised in the premises, makes the following Findings Of Fact and Conclusions Of Law.

## III. DISCUSSION AND ANALYSIS

A. The question whether certain property becomes part of the Debtor's estate under the Bankruptcy Code is controlled by 11 U.S.C. § 541(a). Section 541(a) provides, in pertinent part, that a debtor's estate,

(a) .... is comprised of all the following property, wherever located and *by whomever held:*

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case. (emphasis added)

The legislative history accompanying Section 541(a) indicates that Congress intended the section to be read broadly. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–83 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Furthermore, the section "... provides that property of the estate will include whatever interest the debtor held in the property at the commencement of the case...." 124 Cong. Rec. H11114 (daily ed. Sept. 28, 1978); S17430–31 (daily ed. Oct. 6, 1978) (remarks of Rep. Edwards and Sen. DeConcini).

Since the adoption of the Bankruptcy Reform Act of 1978, it is no longer crucial to determine who has title or possession regarding property claimed by the trustee as an asset of the estate. *In re Spain,* 103 B.R. 286, 294–95 (N.D.Ala.1988) (quoting, *In re Donaghy,* 11 B.R. 677, 679 (Bankr.S.D.N.Y.1981)). Even exempt property must first come into the estate, subject to the claim of exemption.[1] *Id. See also, Sumy v. Schlossberg,* 777 F.2d 921, 928 (4th Cir.1985); *Matter of Grosslight,* 757 F.2d 773, 775 (6th Cir.1985); *Napotnik v. Equibank & Parkvale Savings Association,* 679 F.2d 316, 318 (3d Cir.1982). After the property comes into the estate, the debtor may be permitted to exempt it under 11 U.S.C. § 522(b)(2)(B). The Bankruptcy Court retains jurisdiction to determine what property may be exempted and which interests remain in the estate. 11 U.S.C. § 522(b)(2)(B). *See also,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–83 (1978).

The Debtor contends that because the bank account is held by husband and wife in tenancy by the entireties, it should never even enter his bankruptcy estate. The cases cited by the Debtor in support of this proposition are problematic. The Debtor relies most heavily on *Matter of Anderson,* 12 B.R. 483 (Bankr.W.D.Mo.1981). The holding in *Anderson* suggests that the nature of a property interest must be ascertained according to state law principals *before* the property becomes part of the bankrupt's estate under § 541(a). *Id.* at 488. This approach closely parallels the pre-Code analysis enunciated in *Lockwood, supra,* and, as a consequence, this Court declines to follow the holding in *Anderson.*[2] *See,* n. 1, at 53.

1. Section 541(a)(1) effectively overruled *Lockwood v. Exchange Bank,* 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1933) which excluded exempt property from Bankruptcy Court administration. *See,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–83 (1978).

2. The Court notes that the United States District Court for the Western District of Missouri in the

matter of *Garner v. Strauss,* 121 B.R. 356, 359 (W.D.Mo.1990), *appeal docketed,* No. 90–3068WM (8th Cir. Dec. 20, 1990) adopted the analysis employed in *Anderson.* Accordingly, to the extent that the District Court assessed the nature of the property interest before that interest was brought into the bankrupt's estate by operation of § 541(a)(1), this Court respectfully declines to follow *Garner v. Strauss.*

The Debtor correctly notes that a tenancy by the entirety may not be severed during the lifetimes of the spouses by the unilateral act of one of the parties. The Debtor also asserts that because he has no right to use or take income from the entireties property without the assent of his spouse, he has no legal or equitable interest in the property as of the commencement of the case. Although the Debtor may only exercise his rights in entireties property when acting as part of the unity fiction, the Court finds that this ability to act represents an interest cognizable under § 541(a). *Napotnik*, 679 F.2d at 318. This reading of § 541(a) does not alter or diminish the rights of a non-debtor spouse under state law.[3] These rights are incorporated into the bankruptcy proceeding by 11 U.S.C. § 522(b)(2)(B). The inclusion of Section 522(b)(2)(B) in the Bankruptcy Code clearly indicates that Congress contemplated that a bankrupt's estate would contain, at least initially, all property bearing the debtor's mark. *Napotnik*, 679 F.2d at 318. In the case before the Court, the bank account is subject to the Court's jurisdiction under § 541(a) because the account carries the Debtor's name and Social Security Number. Even though the entireties property may be exempted out of the estate, the extent of any exemption claimed under state law will be ascertained by the Bankruptcy Court only *after* the property comes under the Court's jurisdiction by operation of § 541(a)(1). The interest claimed

by the Trustee ultimately may be of little or no value to the estate, because its worth in bankruptcy turns on the extent to which the Debtor may exempt the property out of the estate under § 522(b)(2)(B).

▪ B. In the absence of federal property law, the Court will define the Debtor's interest and determine the extent of any exemption under § 522(b)(2)(B) with reference to the law of the state where the property is located.[4] *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979). It is important to stress that the Court will conduct this inquiry only *after* the disputed property has been claimed by the Trustee as an asset, for it is at this point that the contested asset comes into the estate. *See*, n. 3, at 54. In the case at bar, the Debtor and his non-debtor spouse maintained their bank account at Landmark Bank of Creve Coeur, Missouri. The parties agree that a bank account held by a husband and wife is presumed to be entireties property under the common law of the State of Missouri. *See, e.g., Leuzinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 396 S.W.2d 570 (Mo banc 1965). *See also*, RSMo § 362.470.5 (1986) ("Any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified.") Under Missouri law, only joint creditors of a husband and wife may execute against entireties property. *United States v. Hutcherson*, 188 F.2d 326,

---

**3.** The Court has carefully reviewed the cases from the Bankruptcy Court for the Western District of Missouri cited by the parties in their memoranda of law. As noted, *supra* at 53, the Court declines to follow the holding in *Matter of Anderson*, 12 B.R. 483 (Bankr.W.D.Mo 1981). Similarly, the holding in *In re Townsend*, 72 B.R. 960 (Bankr.W.D.Mo.1987), must be distinguished from the result reached by this Court.

While the *Townsend* court concluded that entireties property is subject to administration in bankruptcy to the extent of joint debts of the debtor and non-debtor spouse, it began its analysis with reference to a novel construction of Missouri property law. This Court finds that such a construction is unnecessary. It is clear that the drafters of the Code contemplated that all interests of the debtor, including those held by the entirety, would be included, at least initially, in the estate. Therefore, the state law

analysis should be conducted *after* the property has been brought into the estate by operation of § 541(a)(1), not before. Accordingly, this court declines to follow the holding in *Townsend* to the extent it purports to modify long-standing Missouri common law principals.

**4.** Section 522(b)(2)(B) states, in pertinent part, that,

\* \* \* \* \* \*

... an individual debtor may exempt from property of the estate.... any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest* as a tenant by the entirety or joint tenant *is exempt from process under applicable nonbankruptcy law.* 11 U.S.C. § 522(b)(2)(B) (emphasis added).

330 (8th Cir.1951) (quoting, *Otto F. Stifel's Union Brewing Co. v. Saxy,* 273 Mo 159, 201 S.W. 67, 71 (Mo 1918)). In other words, under Missouri law, entireties property is *not* exempt from process to the extent of joint debts. Accordingly, the Court finds that the funds previously contained in the account at Landmark Bank, now held by the Trustee, are not exempt from administration to the extent of joint debts of the Debtor, Cecil C. Charles, and his non-debtor spouse, Julie S. Charles. Any money remaining after the joint debts of Julie and Cecil Charles are satisfied shall be subject to exemption pursuant to 11 U.S.C. § 522(b)(2)(B).

An Order consistent with this Memorandum Opinion shall be entered this date.