**In re Eric Carl JOHNSON a/k/a Eric C. Johnson, Debtor.**

**BOATMEN'S NATIONAL BANK, Movant,**

v.

**Eric Carl JOHNSON a/k/a Eric C. Johnson and A. Thomas Dewoskin, Trustee, Respondents.**

**Bankruptcy No. 90–46103–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Sept. 11, 1991.

---

A. Thomas DeWoskin, trustee, St. Louis, Mo.

Robert E. Eggmann, St. Louis, Mo., for movant.

Cynthia S. Holmes, St. Louis, Mo., for debtor.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matters being considered here are the motion of Boatmen's National Bank ("The Bank") for relief from the stay (MOTION B), and The Bank's Motion to Extend Discharge of Debtor (MOTION A). The matters were submitted to the Court upon the record as a whole, including the legal memorandum submitted pursuant to an agreed briefing schedule. The Chapter 7 Trustee has indicated that he does not object to either motion.

The essential facts in these matters are undisputed. The Debtor, Eric Johnson, is a married person. This is a voluntary Chapter 7 case on behalf of Eric Johnson only. His wife is not a debtor in any case pending under Title 11 of the United States Code. The Debtor and his non-debtor spouse are jointly obligated to The Bank under the terms of an unsecured guarantee executed by the Debtor and his non-debtor spouse on May 19, 1986, in connection with a debt owed by General Software Systems, Inc. Prior to the commencement of this case, The Bank had not instituted a lawsuit to collect upon this debt.

The Movant has asked the Court to delay the entry of the Debtor's discharge, and to grant relief from the automatic stay to permit it to proceed in the non-bankruptcy court against both the Debtor and the non-debtor spouse. If The Bank is successful

in the non-bankruptcy proceeding, it intends to collect the debt by attaching the property held jointly by the Debtor and his non-debtor spouse as tenants by the entirety.

The Movant has argued that "because the tenancy by the entireties property would not be exempt pursuant to State Law, [the] Debtor may not exempt this property in his Bankruptcy Estate from the Trustee or any collection activity by a joint creditor." *Memorandum of Law in Support of Movant's Motion to Extend Discharge of Debtor and Movant's Motion for Relief from Automatic Stay*, filed April 5, 1991, page 2. The Trustee has not objected to the Debtor's claims of exemption in real and personal property held as tenants by the entirety with his spouse. Therefore, in considering the issues here, it is not necessary to decide the question of the Debtor's ability to exempt property of the estate by the entirety from administration by the Trustee. The narrow issue here is whether or not the entry of an Order of Discharge should be delayed to permit the Movant to liquidate the joint obligation of the Debtor and his non-debtor spouse.

The Movant has relied in part on the decision in *Chippenham Hospital, Inc. v. Bondurant*, 716 F.2d 1057 (4th Cir.1983). In *Bondurant*, the Fourth Circuit held that under Virginia law, the debtor's interest in property held in tenancy by the entirety became part of the debtor's bankruptcy estate and was subject to exemption pursuant to 11 U.S.C. § 522(b)(2)(B). The Fourth Circuit then stayed the debtor's discharge and granted relief from the automatic stay to permit the creditor to obtain a judgment and execute upon entireties property.

A previous District Court decision which has considered the Missouri law has determined that the whole of property of an estate by the entirety does not become part of the bankruptcy estate where only one spouse has filed for relief under Title 11. *Garner v. Strauss*, 121 B.R. 356, 360 (W.D.Mo.1990), *appeal docketed*, No. 90–3068WM (8th Cir. Dec. 20, 1990); also, *In the Matter of Anderson*, 12 B.R. 483 (Bankr.W.D.Mo.1981).[1]

■ However, the Debtor as a co-tenant with his spouse has an interest in that entity which is the tenancy by the entirety. *See Leuzinger v. Merrill Lynch, Pierce, Fenner and Smith*, 396 S.W.2d 570, 580 (Mo. banc 1965). Pursuant to 11 U.S.C. § 541, all legal and equitable interests of the debtor in property as of the commencement of the case become property of the bankruptcy estate. Therefore, the Debtor's interest in the estate by the entirety, became property of the bankruptcy estatee as of the commencement of this case.[2]

■ The Debtor individually, and the Debtor's interest in the estate by the entirety are thus protected by the automatic stay provisions of Section 362. The Movant is stayed from commencing or continuing any action against the Debtor that was or could have been commenced before this bankruptcy case was commenced, and is stayed from any action to recover a claim against the Debtor that arose before the commencement of the case. *11 U.S.C. § 362(a)(1)*. This stay operates as to the Debtor's liability on a joint obligation, such as that which is the subject of this proceeding.

■ Barring certain exceptions which are not part of this consideration, the Debtor's personal liability for the joint debt to this Movant will be discharged in this case. *11 U.S.C. § 727*. The entry of an Order of Discharge will operate as an injunction against the commencement or continuation of any action to collect a discharged debt as a personal liability of the debtor. *11 U.S.C. § 524(b)*. The Movant has argued

---

1. But see *In re Charles*, 123 B.R. 52 (Bankr. E.D.Mo.1991); *In re Townsend*, 72 B.R. 960 (Bankr.W.D.Mo.1987).

2. This matter does not address the question of whether or not the property of the estate by the entirety comes into the bankruptcy estate if only one spouse is in bankruptcy. The parties nei-

ther raised nor briefed the issue. But see *Garner v. Strauss*, supra, at 358 and 360, wherein the District Court stated that in Missouri, such property does not become part of a bankruptcy estate; and *Charles, supra*, footnote 2 at 53, which declined to follow *Garner*.

that as a result of the Order of Discharge, it will be unable to obtain a joint judgment on its joint debt; and assuming that it can obtain a judgment against the non-debtor spouse only, such judgment would be unenforceable against the property of the estate by the entirety. *See Farmington Prod. Credit Ass'n v. Estes,* 504 S.W.2d 149, 151 (Mo.App.1974). The Debtor has responded by stating that there is no authority in statute or rule to support the Movant's request.

■ Prior to the commencement of this case, the Debtor and his non-debtor spouse jointly entered into a contract with the Movant. By operation of Missouri law, this contract affected the property of the entity which is the tenancy by the entirety. The Debtor subsequently elected to commence a bankruptcy case which affects only his personal liability and his interests in property. Without a specific directive in the Bankruptcy Code, a debtor cannot be permitted to destroy a creditor's bargained for right to satisfy its claims based on entirety obligations, from entirety property, by subjecting only his or her individual interests to the provisions of the bankruptcy code.

The appropriate remedy in these circumstances is to permit the creditor to satisfy its entirety claim outside of the bankruptcy proceeding. This procedure will require a delay of the discharge of a debtor's liability until the liability of the entirety tenancy has been liquidated. This may delay but will not deny the debtor a fresh start. It should be noted that the ability to defer the entry of an Order of Discharge is not foreign to the bankruptcy system. Bankruptcy Rule 4004(c) permits a debtor to file a motion to defer the entry of the Order of Discharge for an initial period of 30 days.

Debtors need not fear a torrent of requests for relief from the automatic stay by creditors holding entirety obligations. The sparsity of such requests which have been presented under the Bankruptcy Code suggests that in many instances, the property of the entirety estate is subject to liens securing obligations in excess of the value of the property; or that the amounts

of the individual entirety obligations are such that it is economically impractical for a single creditor to pursue the additional procedures resulting from the commencement of the bankruptcy case.

Therefore, cause having been shown,

IT IS ORDERED that this hearing is concluded; and that the request of Boatmen's National Bank for relief from the automatic stay to permit the commencement or continuation of a non-bankruptcy proceeding against the Debtor and his non-debtor spouse and others upon a certain obligation described in the motion documents is GRANTED; and that for such purpose, the automatic stay is terminated, *EXCEPT THAT* any judgment against the Debtor is unenforceable against the assets of the individual Debtor or against the assets of this estate without further order of the Court; and

That the Movant's request to delay the entry of an Order of Discharge in this case is GRANTED; and that *the entry of the discharge order is delayed until further Order of the Court;* and that upon satisfaction of the entirety obligation to Movant referred to in this matter, or at another time as may be allowed by law, the Debtor is to submit a written request for the entry of an Order of Discharge.