# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 17-6012

_____

In re: Casey Drew O'Sullivan

*Debtor*

------------------------------

CRP Holdings, A-1, LLC

*Creditor - Appellant*

v.

Casey Drew O'Sullivan

*Debtor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - Joplin

_____

Submitted: September 5, 2017
Filed: September 22, 2017

_____

Before SCHERMER, NAIL and SANBERG, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

CRP Holdings, A-1, LLC (CRP) appeals the bankruptcy court's[1] order holding that CRP holds a judicial lien against the real property of Casey Drew O'Sullivan (Debtor) and avoiding that lien under Bankruptcy Code § 522(f)(1). We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons that follow, we affirm.

## ISSUE

The sole issue on appeal is whether CRP has a judicial lien on the Debtor's real property (either enforceable or unenforceable). We hold that CRP has an unenforceable lien on the Debtor's property.

## BACKGROUND

The facts are not in dispute. Because they have already been set forth in detail in previous opinions by the bankruptcy court, by us, and by the Eighth Circuit, we summarize them here.

In 1995, the Debtor and his wife acquired real property in Barton County, Missouri as their residence (Property). In 2015, CRP obtained a default judgment in the Circuit Court of Platte County, Missouri, against the Debtor, but not his wife. CRP promptly recorded the judgment in the Circuit Court of Barton County, Missouri.

A few months later, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor claimed an exemption in his interest in his home under both MO. REV. STAT. § 513.475 (homestead exemption) and Bankruptcy Code §522(b)(3)(B) (tenancy by the entireties). The Debtor filed a motion to avoid CRP's judgment lien under Bankruptcy Code § 522(f)(1) to the extent it impaired the

---

[1]     The Honorable Cynthia A. Norton, Chief United States Bankruptcy Judge for the Western District of Missouri.

Debtor's exemption.  CRP objected to the Debtor's § 522(f)(1) motion, but it did not object to the Debtor's claimed exemption or the discharge of the Debtor's debt.  The bankruptcy court entered a Chapter 7 discharge order.

The bankruptcy court granted the Debtor's § 522(f)(1) motion, concluding that "CRP's judgment lien - although perhaps not enforceable - certainly affixed upon the Debtor's home upon CRP's recording of its judgment in Barton County."  *In re O'Sullivan,* No. 15-30173-can7, 2015 WL 3526996, at *2 (Bankr. W.D. Mo. 2015). CRP appealed the matter to us, and we affirmed.

The Eighth Circuit Court of Appeals then reversed and remanded the matter to the bankruptcy court.  It stated that the lower courts assumed that CRP had a judicial lien.  The Eighth Circuit expressed doubt whether CRP had a lien that affixed to the Property,[2] but it recognized a distinction between unenforceable liens and nonexistent liens, stating that an unenforceable lien is avoidable under §522(f)(1).  The court provided a summary:

> In sum, if under Missouri law CRP's notice of foreign judgment failed to give rise to a lien on O'Sullivan's exempt homestead property, the debt would have been dischargeable through the bankruptcy proceedings. O'Sullivan would then not need to resort to § 522(f) to avoid CRP's judgment.  Alternatively, O'Sullivan could move to avoid the lien under § 522(f)(1) if CRP's notice of foreign judgment fastened an existent, but presently unenforceable, lien on his exempt property.

*CRP Holdings A-1, LLC v. O'Sullivan (In re O'Sullivan)*, 841 F.3d 786, 790 (8th Cir. 2016).  The Eighth Circuit "decline[d] to undertake the question of whether there is

_____

[2]  In our previous opinion, we also expressed "serious doubts as to whether CRP has a lien at all, much less one that attached or affixed to the debtor's interest in property."  *CRP Holdings, A-1, LLC v. O'Sullivan (In re O'Sullivan),* 544 B.R. 407, 412, n.5. (B.A.P. 8th Cir. 2016).

-3-

a cognizable lien under § 522(f)(1) in the first instance." *Id.* It remanded the matter to the bankruptcy court "to determine whether CRP has a judicial lien on the property (either enforceable or unenforceable)."[3] *Id.*

On remand, the bankruptcy court held that CRP holds an unenforceable judgment lien. It stated that:

> Even if [the bankruptcy] court is wrong in its interpretation of Missouri law, [Bankruptcy Code] §§ 101(36), (37), and 522(f)(1) should be broadly construed under § 105(a) in favor of a debtor's fresh start —and the bankruptcy court given the same equitable powers the Missouri courts recognize to ensure that CRP does not unduly leverage this Debtor or his fresh start in the future.

*In re O'Sullivan*, 569 B.R. 163, 169 (Bankr. W.D. Mo. 2017). It granted the Debtor's motion seeking to avoid that lien under § 522(f)(1).

## STANDARD OF REVIEW

The matter before us presents a question of law, which we review *de novo*. *See Loop Corp. v. U.S. Trustee (In re Loop Corp.)*, 379 F.3d 511, 515 (8th Cir.2004) (citation omitted) (conclusions of law are reviewed *de novo*).

## DISCUSSION

"The Bankruptcy Code allows debtors to exempt certain property from their bankruptcy estates, which are otherwise comprised of all the debtor's legal or equitable interests in property." *Abdul–Rahim v. LaBarge (In re Abdul–Rahim)*, 720 F.3d 710, 712 (8th Cir. 2013) (citing 11 U.S.C. §§ 522(d) and 541(a)). Unless they are avoided, pre-petition judgment liens ordinarily survive a debtor's bankruptcy and can be enforced on exempt property. *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991);

---

[3] The Eighth Circuit stated that CRP did not challenge the exemption claimed by the Debtor or the bankruptcy court's impairment analysis.

11 U.S.C. §522(c) (exempt property is liable post-petition for liens that are not avoided under § 522(f)). Bankruptcy Code § 522(f)(1) provides a means for a debtor to avoid a judgment lien on exempt property. It states that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a judicial lien. . . ." 11 U.S.C. § 522(f)(1)(A).

On the one hand, CRP argues that it does not have a lien for § 522(f)(1) purposes because the Debtor and his wife own the Property in a tenancy by the entirety. On the other hand, CRP believes, however, that its lien (which it claims does not exist today) will spring into effect upon the death of the Debtor's wife and survive the bankruptcy case. We disagree.

CRP did not have a lien under the definition provided by Missouri law. A state court judgment in Missouri is a "lien upon the real estate of the person against whom such judgment or decree is rendered" in the same county as the judgment. MO. REV. STAT. § 511.350.1. It is undisputed that CRP's Platte County Circuit Court judgment was also a lien on any "real estate" owned by the Debtor in Barton County. Missouri statute defines "real estate" to "include all estate and interest in lands, tenements and hereditaments *liable to be sold upon execution*." MO. REV. STAT. § 511.010 (emphasis added).

The Property held by the Debtor in Barton County does not qualify as "real estate" under the Missouri definition. The Debtor's Property was held as a tenancy by the entirety. Under Missouri law, a tenancy by the entirety "is deemed to be owned by a single entity, the marital community." *United States Fid. And Guar, Co. v. Hiles*, 670 S.W. 2d 134, 137 (Mo. Ct. App. 1984). "Each spouse is deemed to be seized of the whole, . . . ." *Id.* A creditor of only one spouse cannot levy on entireties property to satisfy the debt of that spouse. *See Baker v. Lamar*, 140 S.W. 2d 31, 35 (Mo. 1940) (judgment filed against only one spouse could not "constitute a lien on

-5-

the [entireties] property since neither has a separate interest subject to execution."). Because the Property was entireties property, it did not constitute "real estate" because it was not "liable to be sold upon execution" based on the judgment, which was against only the Debtor and not his wife.[4]

Nevertheless, as the bankruptcy court recognized, we must determine the existence of a lien for the purposes of § 522(f)(1) by looking to state law in the context of the Bankruptcy Code's definitions of the terms "judicial lien" and "lien." Pursuant to Bankruptcy Code § 101(36), a "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). The Bankruptcy Code defines the term "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). The legislative history of the Bankruptcy Reform Act states that the definition of "lien" is "very broad" and includes "inchoate liens." S. Rep. No. 95-989, at 251 (1978); H.R.Rep. No. 95-595, at 312 (1977). The purpose of avoidance under § 522 is to allow the debtor to "void *any* judicial lien on exempt property." H.R. Rep. No. 95-595, at 126 (1978) (emphasis added).

The Bankruptcy Code does not limit the avoidance of judicial liens to those liens that are enforceable. The Eighth Circuit "conclude[d] that where a judgment gives rise to an unenforceable lien, a debtor may move to avoid that lien under §522(f)." *O'Sullivan*, 841 F.3d at 790. Where a judgment does not give rise to a lien at all "§ 522(f)(1) is superfluous and without application." *Id.*

The recording of CRP's foreign judgment in Barton County created a cloud on the Debtor's title on his exempt homestead, which constituted a "charge against or

---

[4]     In addition, Missouri Revised Statute § 513.475.1 states that "[t]he homestead of every person, . . . not exceeding the value of fifteen thousand dollars, which is or shall be used by such person as a homestead, shall, . . . ., be *exempt from attachment and execution.*" Mo. Rev. Stat. § 513.475.1 (emphasis added).

interest in property" under Missouri law and qualified as a "judicial lien" under the Bankruptcy Code. 11 U.S.C. § 101(36). Where the record does not show on its face that recorded documents (such as a judgment) are void, a cloud on title may be created warranting the imposition of a court of equity to remove it. *See Mahen v. Ruhr*, 240 S.W. 164 (Mo. 1922) (in a complex set of transactions, the existence of conveyance instruments that were void due to property being held as tenancy by the entirety (including a sheriff's deed reciting a judgment and execution, where the execution was against only a husband's interest that was not subject to levy and was based on a nonexistent judgment against him) were clouds on title that should be removed because they would create confusion for an ordinary searcher of the records determining whether the conveyances were valid); *Rodgers v. First Nat. Bank of Appleton City,* 82 Mo.App. 377, 381-385 (Mo.Ct. App. 1900) (filing of transcript of unenforceable judgment that appeared to be a lien on homestead property created a cloud on title and rights of judgment debtor to his real estate and depreciated the value of the property).

In this case, practical difficulties may exist for an ordinary searcher of the records or even a title company trying to determine whether the judgment created a lien and the Property is liable for execution. As a result, the marketability of title to the Property and the value of the Property would be affected. In addition, as the bankruptcy court noted, CRP's judgment "could become a lien the moment the . . . [Debtor's] spouse dies." *O'Sullivan*, 569 B.R. at 168. Accordingly, a cloud on title exists, which is certainly sufficient to constitute a "charge against or interest in" the Property under the Bankruptcy Code. Application of § 522(f) will clear the cloud on title.

CRP's recording of its judgment "*fastened an existing, but presently unenforceable lien*" on the Property. *Id.* The fact that an unenforceable lien exists is buttressed by CRP's belief (discussed in more detail below) that upon the death of the Debtor's wife, it will have an enforceable lien that will survive the bankruptcy.

We also find it interesting that CRP took actions consistent with recognition of a lien, such as recording the judgment in Barton County.

In an attempt to bolster its position, CRP cites a Sixth Circuit case interpreting Tennessee Law, *Arango v. Third Nat'l Bank in Nashville (In re Arango)*, 922 F.2d 611, 615 (6th Cir. 1993),[5] and makes arguments that: (1) there is no lien to avoid under §522(f)(1) because CRP does not have a lien on the Debtor's exempt "present possessory interest" in the Property; but (2) CRP's lien will spring into effect upon the death of the Debtor's wife based on a nonexempt contingent future interest in a right of survivorship in the Property, and the lien will survive the bankruptcy. We disagree. As the bankruptcy court recognized, in Missouri the right of survivorship is not a separate title or right from the original tenancy by the entirety interest. "Upon the death of one spouse, the surviving spouse continues to hold the whole title because there is no one to share it - not because of survivorship, which affects a change in the person only and not the estate." *Hiles,* 670 S.W. 2d at 137 (citations omitted); *Baker*, 140 S.W. 2d at 35 (citing *Frost v. Frost*, 98 S.W. 527, 528 (Mo. 1906)) ("In the event of the death of one [spouse] the other continues to own the entire estate relieved from the burden of the other's interest."). For the reasons stated above, CRP currently holds an unenforceable lien for the purposes of § 522(f).

In addition, we agree with the bankruptcy court that CRP's argument is outside the scope of the Eighth Circuit's remand. The Eighth Circuit's instruction was simple and the scope of its remand was narrow: it remanded the matter for a determination of "whether CRP has a judicial lien on the property (either enforceable or unenforceable)." *O'Sullivan*, 841 F.3d at 790. The bankruptcy court correctly stated that the only two choices for proceeding upon remand by the Eighth Circuit were to: (1) determine that there was no judicial lien and, accordingly, no lien to avoid, and

---

[5] We express no opinion concerning the correctness of the Sixth Circuit's decision in *Arango*.

that the underlying debt was discharged; or (2) find that there was an enforceable or unenforceable lien and that § 522(f)(1) applies. That is exactly what the bankruptcy court did.

Our decision is consistent with the purpose of § 522(f), which favors protecting exemptions at the cost of judicial lienholders as a part of a debtor's fresh start. The legislative history of § 522(f) "suggests that a principal reason Congress singled out judicial liens was because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts." *Farrey,* 500 U.S. at 297-298 ("Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions.") (quoting H. REP. NO. 95-595, p. 126-127). In addition, it is apparent that CRP targeted this specific piece of the Debtor's Property with the belief that it held a lien against the Property. Otherwise, CRP would not have gone to the trouble to record its judgment in Barton County. It would be unfair to allow CRP to defeat the Debtor's fresh start because it has now devised a scheme whereby it believes it may avoid the protections afforded to the Debtor by §522(f) and still reap the benefit of its lien upon the death of the Debtor's spouse.

## CONCLUSION

For the reasons stated, the decision of the bankruptcy court is AFFIRMED.

———————————————