**In re Anthony Kenneth BOEHMER, Jr., Debtor.**

**Janis Elaine BOEHMER, n/k/a Schindler, Plaintiff,**

**v.**

**Anthony Kenneth BOEHMER, Jr., Defendant.**

**Bankruptcy No. 89–05044–BKC–JJB. Adv. No. 90–0058–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 4, 1990.

Thomas A. Palumbo, St. Peters, Mo., for plaintiff.

Frank A. Conard, St. Charles, Mo., for debtor.

Leslie A. Davis, Clayton, Mo., trustee.

---

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter before this Court is a Motion for Summary Judgment filed by the Debtor seeking judgment in his favor on a § 523(a)(5) nondischargeability claim. The facts as stipulated are as follows:

The Debtor, Anthony Boehmer, and the Plaintiff, Janis Schindler, were previously married to each other. Three children were born of the marriage. The couple was divorced on January 24, 1986, in St. Charles County, Missouri. The Plaintiff was awarded custody of all three children.

The Decree of Dissolution entered by the State Circuit Court incorporated the Parties' Marital Settlement Agreement. The couple had agreed that the marital home was to be awarded to the Plaintiff, and that she was to assume the payments on the first deed of trust on the property. The Debtor was to assume the payments on the second and third deeds of trust.

Thereafter, in February of 1987, the Plaintiff sold the home paying off the first and second deeds of trust as a condition of the sale; the third deed of trust had previously been paid in full. The amount the Plaintiff paid on the note pursuant to the second deed of trust was $16,100.00.

The parties then agreed in September of 1987, to a Consent Modification where the Debtor was to pay to the Plaintiff $16,-000.00 by $1000.00 quarterly installments. The Plaintiff agreed that upon completion of the payments she would turn over all interest in a business known as Boehmer Drywall. The Plaintiff also relinquished the custody of one child to the Debtor. The State Circuit Court approved this Consent Modification.

On November 19, 1987, the Plaintiff filed a motion for contempt alleging that the Debtor had failed to make payments according to the Consent Modification. On November 14, 1988, the State Circuit Court entered an order which provided for a schedule of payments to be made by the Debtor in the amount owed plus interest to begin in December of 1990.

On November 29, 1989, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. On April 23, 1990, the Plaintiff filed this adversary proceeding seeking to render the debt owed nondischargeable pursuant to 11 U.S.C.

§ 523(a)(5) as being in the nature of alimony, maintenance or support.

The Debtor argues in his Motion For Summary Judgment that the debt is strictly a property settlement and thus is subject to discharge under Section 727 of Title 11 of the United States Code. The Plaintiff argues that the debt owed pursuant to the Second Deed of Trust is in the nature of maintenance and support is therefore nondischargeable under § 523(a)(5).

The issue presented is whether the debt created by the divorce decree is in the nature of alimony, maintenance or support so as to render that debt nondischargeable under § 523(a)(5).

Section 523(a)(5) provides that a discharge under Section 727 does not discharge a debtor from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement."

▪ The determination of whether an obligation constitutes maintenance or support is made according to federal bankruptcy laws. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320. A debt owed pursuant to a property division or settlement is not a debt which may be rendered nondischargeable under § 523(a)(5). In determining whether the debt constitutes maintenance or support, this Court must look at the intent of the parties at the time the Marital Settlement Agreement and Consent Modification were entered. *Tilley v. Jessee*, 789 F.2d 1074, 1078 (4th Cir.1986).

▪ The burden of proof is upon the party asserting that the debt is nondischargeable. *In re Lineberry*, 9 B.R. 700, 706 (Bankr.W.D.Mo., 1981).

The Marital Settlement Agreement included the following listing under the title of "Division of Property": "The Respondent (Debtor) releases to the Petitioner (Plaintiff) all right, title, interest or claim that he may have to the residential dwelling located at 15 Gary Glenn, St. Peters, Missouri and Petitioner agrees to assume the First Deed of Trust on said property. The Respondent agrees to assume and pay off the second and third deeds of trust with respect to the above described property." Under a separate section entitled, "Maintenance", the Agreement further provided that: "The Respondent shall pay to Petitioner the sum of two hundred twenty-five dollars ($225.00) per month as and for periodic maintenance." These paragraphs are clear and there is no ambiguity as to the parties' intent. Pursuant to the written agreement, the payment on the Second Deed of Trust note was intended to be a settlement with respect to the division of the marital property. The parties specifically provided for the treatment of maintenance in a separate section which did not include the obligation pertaining to the Second Deed of Trust.

▪ However, a Bankruptcy Court is not bound to accept a divorce decree's characterization of an award as maintenance or a property settlement. *In re Williams*, 703 F.2d 1055, 1057 (8th Cir., 1983). Upon a careful review of all of the facts and circumstances relevant to the intention of the parties, the Court has found that the debt related to the Second Deed of Trust was not intended to be for alimony, maintenance or support.

The matter is complicated by the fact that the property was sold and the second deed of trust was paid in full. The $16,-000.00 debt created by the Consent Modification, while not designated, is admitted to be the payments owed pursuant to the Second Deed of Trust. The State Circuit Court approved this Consent Modification and included the directive that upon completion of the payment on this debt, the Plaintiff is to turn over her interest in a business known as Boehmer Drywall.[1] This debt was based on a property settle-

---

**1.** There was no disposition of the Boehmer Drywall business in the Marital Settlement Agreement.

ment.

ment and was not converted to an obligation for maintenance or support as the result of a perceived ambiguity in the Consent Modification Order. In addition, the directive that the Plaintiff turn over her interest in Boehmer Drywall upon completion of the payments by the Debtor indicates that the Modification Order was intended to be a continuation of the property settlement agreement.

The two cases the Plaintiff cited are distinguishable from the case being considered here. In *In re Edwards*, 33 B.R. 942 (Bankr.N.D.Ga.1983), the dissolution decree provided no other form of support for the former spouse. In *In re Gianakas*, 100 B.R. 787 (Bankr.W.D.Pa.1989), the Court found that certain payments were necessary for shelter for the former spouse and their children and were therefore in the nature of alimony or support.[2] None of these circumstances have been shown to exist in this case. Therefore, the Defendant is entitled to a judgment as a matter of law.

IT IS ORDERED that the hearing in this matter is concluded; and that the Debtor's Motion for Summary Judgment is GRANTED; and that this Adversary Proceeding is DISMISSED; and that the Plaintiff's request to determine that certain debts are not dischargeable in this case as being in the nature of maintenance, alimony or support is DENIED.

**2.** Support was awarded in sum certain per month per child. With the change of custody of one child, that child's support ceased without any other modifications.