In re Michael Anthony GARCIA, Debtor.

David L. COOPER and Lillian M. Garcia, Plaintiffs,

v.

Michael Anthony GARCIA, Defendant.

Bankruptcy No. 93–43553–2.
Adv. No. 94–4023–2.

United States Bankruptcy Court,
W.D. Missouri.

May 31, 1994.

---

David L. Cooper, Kansas City, MO, for plaintiffs.

Michael C. Harris, Independence, MO, for debtor/defendant.

### MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor filed his petition for relief under Chapter 7 and received an otherwise uneventful discharge. An adversary action was filed by debtor's former spouse and her dissolution attorney seeking determination of the dischargeability vel non of awards to both in the state court action.

In that action debtor's former spouse Lillian Marie Garcia, was the petitioner and David L. Cooper was her attorney. The Honorable David W. Russell entered judgment on November 22, 1993. In his findings, he held that petitioner (Lillian Marie Garcia) was capable of contributing $2,500.00 to the payment of David L. Cooper's fees. In his order, he ordered $702.00 per month child support, $450.00 maintenance, one-half of debtor's pension, and $3,000.00 lump sum, all to be paid by debtor to petitioner. Judge Russell also divided certain personal property between the parties. Finally, Judge Russell ordered debtor (the respondent in the dissolution action) to pay $2,500.00 to David L. Cooper (petitioner's attorney). The parties were mainly in agreement that the award of $702.00 per month child support and $450.00 per month maintenance to the ex-spouse were not dischargeable. The one-half (½) of the accrued pension value was the subject of a QDR order and is not contended to be nondischargeable. The $3,000.00 lump sum award was intended clearly to be an adjustment of the property settlement and, therefore, is dischargeable.

The issue is the attorney fees. 11 U.S.C. § 523(a)(5) is the pertinent section in this matter. It provides as follows:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USCS § 602(a)(26)], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in

the nature of alimony, maintenance, or support;

From that section it is clear that there are certain distinct requirements for an award in a dissolution case before it is not dischargeable in a bankruptcy case. These requirements are: (1) the obligation is a debt "to the spouse, former spouse, or child"; (2) the obligation is for "alimony, maintenance, or support"; (3) is actually in the nature of "alimony, support, or maintenance . . ."; and (4) the obligation arose in or *was made* in connection with a separation agreement, divorce decree or court order by a court of record. Further, the courts in the Eighth Circuit have made it clear that the issues involved are not determined by the state court law, but by federal law. *In re Williams*, 703 F.2d 1055 (8th Cir.1983). This case involves the first issue—is the debt "to" the debtor's former spouse. Because the award in this case was "to" the attorney, not the spouse, the debt is dischargeable. This Court need not consider the "maintenance/support" versus property settlement issue. The *Williams* Court said that attorneys fees may be "in the nature of support". However, in that case it appears from the rather basic fact situation reported in the case that the award for attorneys fees was made to Joyce Williams, the wife in the case. The reason this Court says that is that the case report says that "less than three months later, Edward filed a petition under Chapter 7 of the Bankruptcy Code and listed as debts his financial obligations to Joyce." Rather obviously if the award had been to the attorney instead of to the former spouse, the bankruptcy petition would have listed the attorney rather than the former spouse as the creditor. Likewise, in the case of *In re Smith*, 152 B.R. 604 (Bkrtcy.W.D.Mo.1993), it appears that the same situation was obtained. The judgment apparently was in favor of Mary R. Smith, the former spouse, and she was awarded attorney's fees for the counsel who represented her in the dissolution action. However, the award was made directly to her, or at least it does not appear otherwise from the reported case, and the attorney is not one of the parties listed in the adversary action. The Court concedes that in the case of *In re Fornachon*, 99 B.R. 428

(Bkrtcy.E.D.Mo.1989), it appears there was an award directly to the attorneys which the Bankruptcy Court decreed to be nondischargeable. Of course, said decision is not binding upon this Court and this Court, in this particular instance, declines to follow same.

■ The Court declines to follow that ruling based on wording of the statute itself. In this day and age when the Supreme Court has repeatedly said that courts are to follow the plain meaning of statutes, *Rake v. Wade*, — U.S. —, —, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424 (1993); *Pioneer Inv. Serv. Co. v. Brunswick Associates, Ltd. Partnership*, — U.S. —, — – —, 113 S.Ct. 1489, 1494–95, 123 L.Ed.2d 74 (1993); *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), this Court is convinced that any award made directly to the attorney for the attorney's fees in a dissolution case could not be declared to be nondischargeable because such an award fails to meet the very strict requirements of § 523(a)(5). The section is very clear that the debt must be to the spouse or ex-spouse or the children of the marriage relationship. The only exception is that one of those parties can assign their rights under the judgment to the state or federal government which has provided funds where the errant spouse has failed to pay.

■ It may well be that if this judgment had awarded the attorney's fees of $2,500.00 to Lillian M. Garcia, the ex-spouse, the Court would then have to determine whether said fees were awarded in lieu of support or not. However, since the award was directly to the attorney and the wording of the statute is as cited above, this Court at least is of the opinion that the attorney's fees are dischargeable. It goes almost without saying that the party claiming nondischargeability of his or her claim in a bankruptcy proceeding has a heavy burden of proof and that the exceptions to dischargeability are to be very strictly construed so as to effect the "fresh start" which Congress intended for parties filing bankruptcy. See, e.g., *Perez v. Campbell*, 402 U.S. 637, 638, 91 S.Ct. 1704, 1705–06, 29 L.Ed.2d 233 (1971); *In re Long*, 774

F.2d 875, 879 (8th Cir.1985); *In re Race,* 159 B.R. 857, 859 (Bankr.W.D.Mo.1993).

 In view of all of the foregoing, this Court believes that an award of attorney's fees wherein a judgment is granted directly to the attorney, rather than to one of the spouses, for the payment of his or her attorney's fees is a dischargeable debt because it simply does not fulfill the requirements of the exception statute.

Accordingly the child support of $702.00 per month, the maintenance award of $450.00 per month, the award of one-half of debtor's pension benefits accrued to the date of dissolution are all declared to be **NONDISCHARGEABLE** items. The lump sum award of $3,000.00 and the attorney fee award to the ex-spouse's dissolution attorney, David L. Cooper, are declared to be **DISCHARGEABLE.**

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.