**In the Matter of Keith Alan KLINE, Debtor.**

**Ronald R. HOLLIDAY, Plaintiff/Appellee,**

**v.**

**Keith Alan KLINE, Defendant/Appellant.**

No. 94–6127–CV–W–6.

Bankruptcy No. 94–50050–SJ–7–ABF.

Adv. No. 94–5010–SJ.

United States District Court, W.D. Missouri, St. Joseph Division.

Oct. 19, 1994.

Ronald R. Holliday, pro se, Strop, Thomas, Burns & Holliday, St. Joseph, MO.

John M. Warren, St. Joseph, MO, for debtor-defendant/appellant.

1. 11 U.S.C. § 523(a)(5). Section references in this order refer to the Bankruptcy Code unless otherwise noted.

2. 11 U.S.C. §§ 701–766. In a Chapter 7 proceeding, the assets of the debtor are liquidated, with certain exceptions, and the proceeds are distributed to creditors.

3. The bankruptcy court's order states that the award of attorney's fees was intended to enable Christy Kline to support herself. T. 44–45.

## MEMORANDUM AND ORDER

SACHS, Senior District Judge.

Keith A. Kline ("appellant") appeals an order of the bankruptcy court in which an award of attorney's fees in connection with a divorce proceeding was deemed a nondischargeable debt under § 523(a)(5) of the Bankruptcy Code.[1] For reasons more fully set forth below, the order of the bankruptcy court is reversed insofar as it permits a direct claim against appellant by the attorney.

### I. Background

On December 23, 1993, the marriage of Keith A. Kline and Christy A. Kline was dissolved. In its "Amended Decree of Dissolution of Marriage," the Circuit Court of Buchanan County, Missouri, granted judgment against appellant in the amount of $6,305 in favor of Christy Kline's attorney, Ronald R. Holliday ("appellee").

Appellant filed a Chapter 7[2] bankruptcy petition on February 1, 1994. On March 11, 1994, appellee initiated an adversary proceeding seeking a determination that the debt for attorney's fees was nondischargeable. In a memorandum opinion dated July 13, 1994, the bankruptcy court reasoned that the award of attorney's fees was in the nature of alimony[3] and was therefore nondischargeable under § 523(a)(5), 172 B.R. 279. Notice of appeal was timely filed on July 25, 1994.

### II. Discussion

#### A. Jurisdictional Basis and Standard of Review

This court has appellate jurisdiction over orders of the bankruptcy judge under 28 U.S.C. § 158(a).[4] Findings of fact may be set aside only if clearly erroneous. Fed.

4. 28 U.S.C. § 158(a) provides the district courts with appellate jurisdiction over final orders entered in proceedings referred to bankruptcy judges under 28 U.S.C. § 157. A determination of the dischargeability of a debt is classified as a core proceeding under 28 U.S.C. § 157(b)(2)(I) and is therefore subject to appellate review.

R.Bankr.P. 8013. Conclusions of law are subject to plenary review. *Miller v. Farmers Home Admin. (In re Miller)*, 16 F.3d 240, 242–43 (8th Cir.1994).

### B. Analysis

■ Discharge is governed by § 727. Under § 727(b), a discharge under § 727(a) discharges the debtor from all debts that arose before the date of the order for relief, except as provided in § 523. "The statutory exceptions to discharge in [§ 523] are narrowly construed, and the creditor opposing discharge must prove the debt falls within an exception to discharge." *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir.1993) (citation omitted). This narrow construction is mandated by the "fresh start" policy of the bankruptcy code. *Cf. Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991).

The present dispute revolves around § 523(a)(5), which states:

A discharge under section 727 . . . does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse of child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

   (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USC § 602(a)(26) ], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

   (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in

the nature of alimony, maintenance, or support[.]

(Emphasis added).

Attorney's fee awards under § 523(a)(5) have spawned a great deal of litigation. *See, e.g., Joseph v. J. Huey O'Toole, P.C. (In re Joseph)*, 16 F.3d 86 (5th Cir.1994); *Jones v. Jones (In re Jones)*, 9 F.3d 878 (10th Cir. 1993); *In re Peters*, 964 F.2d 166 (2d Cir. 1992); *Adams v. Zentz*, 963 F.2d 197 (8th Cir.1992); *In re Silansky*, 897 F.2d 743 (4th Cir.1990). Many of the bankruptcy courts, as well as some circuit courts, have concluded that an award of attorney's fees entered in connection with a divorce or custody proceeding is nondischargeable, even if payable directly to the attorney. *See Joseph, supra; Peters, supra; Silansky, supra; In re Farrell*, 133 B.R. 145 (Bankr.S.D.Ind.1991); *In re Aughenbaugh*, 119 B.R. 861 (Bankr. M.D.Fla.1990); *In re Poe*, 118 B.R. 809 (Bankr.N.D.Okla.1990); *In re Kranz*, 100 B.R. 475 (Bankr.E.D.Mo.1989); *In re Fornachon*, 99 B.R. 428 (Bankr.E.D.Mo.1989); *In re Schmiel*, 94 B.R. 373 (Bankr.E.D.Pa.1988); *In re Vazquez*, 92 B.R. 533 (S.D.Fla.1988); *In re Soval*, 71 B.R. 690 (Bankr.E.D.Mo. 1987); *In re Talley*, 57 B.R. 75 (Bankr. W.D.Mo.1985). After reviewing the statutory language and the legislative history, however, it appears to the court that this result cannot be reconciled with the plain language of § 523(a)(5).[5]

In resolving the discharge issue, the bankruptcy court concentrated on § 523(a)(5)(B). The bulk of its opinion is devoted to classifying the function that the award of attorney's fees was intended to serve.[6] The bankruptcy court concluded that the award was "actually in the nature of alimony, maintenance, or support," and therefore nondischargeable. The bankruptcy court did not discuss the anti-assignment provision of § 523(a)(5)(A) and did not note that the award of attorney's fees was payable directly to the attorney. This approach seems inconsistent with the

---

**5.** Other courts have similarly construed § 523(a)(5). *See, e.g., Cooper v. Garcia (In re Garcia)*, 174 B.R. 529 (Bankr.W.D.Mo.1994); *In re Allen*, 4 B.R. 617 (Bankr.E.D.Tenn.1980).

**6.** The remainder of the opinion discussed the admissibility of the deposition of the judge who

entered the dissolution decree, with the court concluding that such evidence was inadmissible. That issue has no bearing on this court's resolution of the appeal.

plain language of § 523(a)(5), even though, as a matter of public policy, it may be quite desirable.

In addition to requiring that a debt be "actually in the nature of alimony, maintenance, or support," § 523(a)(5) requires that the debt be owed "to a spouse, former spouse, or child of the debtor." To make clear that third-party creditors are not protected from discharge, § 523(a)(5)(A) exempts debts "assigned to another entity,[7] voluntarily, by operation of law, or otherwise" from the protection of § 523(a)(5).[8] In a similar vein, the Senate Report accompanying § 523(a)(5) states that the debt must be "owed *directly to* a spouse or dependent."[9] (Emphasis added) Senate Report No. 95–989, 95th Cong.2d Sess. 79 (1988), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865.

Notwithstanding the plain language of § 523(a)(5) and its legislative history, some courts justify protecting attorney's fees payable to the attorney from discharge by relying on the House Hearings held on various provisions of the Bankruptcy Code. Representative in this regard is *In re Spong*, 661 F.2d 6 (2d Cir.1981), one of the first cases to consider this issue. In *Spong*, the court determined that the anti-assignment clause in § 523(a)(5) only referred to assignments to state welfare agencies. *Id.* at 10 (citing Hearing on H.R. 31 and H.R. 32 Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary, 94th Cong., 1st and 2d Sess. 942 (1975–76) (statement of Ernest L. Sarason Jr.)). Some bankruptcy courts have similarly interpreted the legislative history. *See, e.g., In re French*, 9 B.R. 464, 467 n. 6 (Bankr.S.D.Cal. 1981); *In re Wells*, 8 B.R. 189, 192–93 (Bankr.N.D.Ill.1981); *In re Knabe*, 8 B.R. 53 (Bankr.S.D.Ind.1980). According to one court, "the House Hearings ... remove[ ] any doubt on the subject" of whether the

anti-assignment language applies to nongovernmental entities. *Knabe, supra,* at 55.

The court does not find this reasoning persuasive and declines to adopt it. As noted by the dissent in *Spong,* the above-referenced House Hearings occurred before the Senate considered the bill. *Spong, supra,* at 11. The House bill did not contain an anti-assignment clause; this provision was added by the Senate. *Id.* As such, the House Hearings shed no light on the reach of the anti-assignment clause. Further, the statement in the House Hearings relied on by these courts was not made by a member of Congress; rather, it was made by a private attorney who was not involved in drafting the bill. *See Knabe, supra,* at 55 n. 5. This statement is thus entitled to little weight in interpreting a statute crafted by Congress.

The court's construction of § 523(a)(5) is buttressed by the difference in wording between that section and its precursor, § 17(a)(7) of the Bankruptcy Act. Section 17(a)(7) read as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as are for alimony due or to become due, or for maintenance or support of wife or child[.]" Under this wording, an award of attorney's fees to a third-party, if in the nature of alimony or support, was nondischargeable. *See In re Birdseye,* 548 F.2d 321 (10th Cir.1977); *In re Cornish,* 529 F.2d 1363 (7th Cir.1976); *Jones v. Tyson,* 518 F.2d 678 (9th Cir.1975); *In re Nunnally,* 506 F.2d 1024 (5th Cir.1975); *Damon v. Damon,* 283 F.2d 571 (1st Cir.1960). This result was not inconsistent with the language of the statute because the statute placed no restrictions on the kinds of creditors entitled to protection, so long as the payment was in the nature of alimony or support.

When Congress revised the bankruptcy statutes and enacted § 523(a)(5), however, the language it chose restricted the protection of § 523(a)(5) to alimony or support

---

**7.** Under 11 U.S.C. § 101(15), an individual is included within the definition of "entity."

**8.** Section 523(a)(5)'s protection from discharge extends to certain assignments to governmental units. *See* 11 U.S.C. § 523(a)(5)(A). No such protection is available for assignments to non-governmental entities.

**9.** The Senate indicated that an exception, not relevant here, to the preclusion of third-party claims exists for certain "hold harmless" agreements. No other exceptions for third-party claims are mentioned.

owed directly to a spouse or child. Although Congress may not have intended to preclude direct claims by attorneys, such claims do not comport with the language or legislative history of § 523(a)(5).[10]

The Eighth Circuit has not had occasion to squarely confront this issue, but in *In re Williams,* 703 F.2d 1055, 1057 n. 3 (8th Cir. 1983), the court recognized the distinction between debts owed directly to a former spouse and debts assigned to a third-party. The bankruptcy court relied on *Williams* for its holding that an award of attorney's fees "to the spouse" should not be discharged, if in the nature of alimony or support. In *Williams,* however, unlike the present case, the fee was owed directly to the spouse and it was the spouse who pursued the claim. *Williams* does not validate direct claims by attorneys.

■ The Supreme Court's recent admonition to rely on the plain language of the Bankruptcy Code enforces my view of the proper result under the statutory language. *See Patterson v. Shumate,* —— U.S. ——, ——, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992). Because the plain language of § 523(a)(5) does not protect third-party creditors, the court concludes that appellant's debt to appellee is not protected from discharge. This conclusion, however, does not foreclose a claim by appellant's former spouse. Under the dictates of *Williams* and *Adams v. Zentz, supra,* such a claim would not be dischargeable.[11]

### III. Conclusion

For the foregoing reasons, it is hereby

ORDERED that the decision of the bankruptcy court is reversed insofar as it allows a direct claim by appellee, and the case is remanded for further proceedings consistent with this opinion.

---

**10.** Amendment of the Bankruptcy Code seems desirable to avoid further litigation of this nature, and probably in the manner most courts are construing the present law.

**11.** *E.g.,* the dissolution decree could perhaps be amended to provide that the award of attorney's fees is to appellant's former spouse rather than to appellee. Amendment is, of course, the province of the state court.