**In re Garland Lawson TOWNSEND, Debtor.**

**Daryl K. HARTLEY, Plaintiff,**

v.

**Garland Lawson TOWNSEND, Defendant.**

Bankruptcy No. 93–46063–172.

Adv. No. 94–4153–172.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Feb. 3, 1995.

Leslie A. Davis, Trustee, Clayton, MO.

Edward J. Miller, Jr., Chesterfield, MO, for plaintiff.

Timothy H. Battern, St. Louis, MO, for debtor/defendant.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is the Adversary Complaint filed on behalf of Daryl K. Hartley ("Plaintiff") requesting a determination of dischargeability of certain debts. The Plaintiff has requested that attorney fees awarded to him as counsel to the Debtor's ex-wife in her paternity proceeding against Garland Lawson Townsend ("Debtor") be declared nondischargeable as in the nature of support.

This is a core proceeding pursuant to § 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. These determinations and orders are the final findings and conclusions of the Bankruptcy Court.

The following determinations are based on a consideration of the record as a whole, including memoranda submitted by Counsel for the Plaintiff and Counsel for the Debtor. For the reasons set forth below, the Court will enter judgment for the Debtor.

### *Facts*

The facts necessary for this determination are not in dispute. The Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code on November 23, 1993. On March 16, 1994, the Plaintiff filed this Adversary Complaint against the Debtor. The complaint requests a determination of dischargeability of two debts that the state court directed the Debtor to pay to the Plaintiff in orders entered on May 1, 1992 and June 30, 1993. Both debts arose out of a state court proceeding to determine the paternity of Ella Christine Taylor's minor son. Ella Christine Taylor is the former wife of the Debtor.

The state court order of May 1, 1992 was a temporary order that included an award of $5,000.00 in attorney's fees payable by the Debtor to the Plaintiff. The June 30, 1993 order was the final order of the state court that declared the Debtor to be the natural father of Ms. Taylor's son. The Plaintiff represented Ms. Taylor in the state court action, and the court ordered the Debtor to pay the attorney fees of the Plaintiff in the amount of $19,000.00 (in addition to the previous award of $5,000.00).

In accordance with Missouri child support guidelines, the state court ordered the Debtor to pay $136.00 each week as child support. The record here does not suggest that the state court made a specific finding that use of

the guidelines produced an amount that is unjust or inappropriate.

### *Discussion*

This adversary proceeding, commenced on March 16, 1994, presents the question of whether the attorney fee awards are dischargeable as maintenance, alimony or support under § 523(a)(5) of the Bankruptcy Code. Section 523(a)(5)(B) of the Bankruptcy Code reads in pertinent part as follows:

> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property agreement, but not to the extent that—
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

According to the language of this statute, several requirements must be met before an award of attorney fees may be declared nondischargeable in a bankruptcy proceeding. *See In re Garcia,* 174 B.R. 529 (Bankr. W.D.Mo.1994). The requirements are the following: (1) the obligation must be a debt "to the spouse, former spouse, or child"; (2) the obligation must be for "alimony, maintenance, or support"; (3) the debt must be actually in the nature of support; and (4) the obligation must have arisen in connection with a separation agreement, divorce decree or other court order. *Id.* at 531. The focus in this case is on whether the award of attorney fees was "to" the debtor's former wife.

The Eighth Circuit has held that, in certain circumstances, attorney fees granted to a former spouse as a result of a dissolution proceeding may be "in the nature of support," and, therefore, nondischargeable. *In re Williams,* 703 F.2d 1055 (8th Cir.1983).[1] However, when a dissolution court awards attorney fees directly to the attorney, and not to the "spouse, former spouse, or child," recent bankruptcy opinions have concluded that the fee awards are dischargeable debts. *In re Newmark,* 177 B.R. 286 (Bankr. E.D.Mo.1995); *In re Kline,* 174 B.R. 525 (W.D.Mo.1994); *Garcia,* 174 B.R. 529. Such is the situation now before this Court.[2]

Although the instant case involves a paternity suit rather than a dissolution proceeding, the analysis regarding the attorney fees does not change. Because the attorney fee award was made directly to the Plaintiff, and not to the "spouse, former spouse, or child," the debt does not fall within the nondischargeability provisions of § 523(a)(5). No other section of the Bankruptcy Code that would render the award of attorney fees nondischargeable applies to this set of circumstances. Therefore, this Court concludes that, in the circumstances presented here, the attorney fees awarded to the Plaintiff's attorney are dischargeable.[3] The clear language of the statute mandates this decision,

1. In the *Williams* case, the dissolution court awarded attorney fees to the ex-wife, not to the ex-wife's attorney.

2. The Temporary Order, dated May 1, 1992, stated: "The court does hear evidence on the issue of the mother's atty fees and *orders* Garland Lawson Townsend to pay $5,000.00 toward past and future fees by June 1, 1992." **Joint Stipulation of Fact,** Document # 4, filed May 11, 1994, Exhibit B. The final order of the state court reads in pertinent part as follows: "The Court further finds that it is appropriate to order the [Debtor] to pay the reasonable fees of Respondent's counsel ... and that the fees of Respondent's counsel are $19,000.00.... Therefore, it is ordered that Garland Lawson Townsend pay the reasonable fees of Daryl Hartley, Respondent's counsel, in the amount[] of $19,000.00...." **Joint Stipulation of Fact,** Exhibit A. Although these orders do not state explicitly to whom the Debtor is to make payments, the fact that Daryl Hartley, as the Debtor's former wife's attorney, is proceeding as the named Plaintiff, and not on behalf of the Debtor's former wife, indicates that the Debtor was ordered to pay the fees directly to the attorney. Also, the Plaintiff's own Complaint states that the Debtor "is obligated to make certain payments *to Plaintiff* in the aggregate amount of approximately $24,000.00 as and for support of the Debtor's child, Jacob Lawson Townsend." **Adversary Complaint,** Document 1, filed March 18, 1994, p. 2, para. 4 (emphasis added).

3. The Bankruptcy Reform Act of 1994 did not

especially in light of the Supreme Court rulings indicating that Bankruptcy courts should follow the plain meaning of statutes. *See, e.g., Rake v. Wade,* — U.S. —, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993); *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The Plaintiff's request for an order of nondischargeability will be denied by a separate Order.

### *ORDER*

At Saint Louis, in this District, this 3rd day of February, 1995.

Upon consideration of the record as a whole, and consistent with the Memorandum entered in this matter,

**IT IS ORDERED** that this proceeding is concluded; and that the Plaintiff's request to declare that the Debtor's obligations to make certain payments to Plaintiff as awarded in a certain dissolution decree are not dischargeable pursuant to 11 U.S.C. § 523(a)(5) is denied; and

That the Plaintiff's request for a money judgment is denied; and

That all other requests in this matter are denied; and that the debts owed for attorney fees as described in this Adversary Complaint are subject to the Order of Discharge in this case.

alter the language of § 523(a)(5).