In re Leonard Nathan **NEWMARK,**
**M.D., Debtor.**

Mary A. **NEWMARK, Plaintiff,**

v.

Leonard Nathan **NEWMARK,**
**M.D., Defendant.**

Bankruptcy No. 94–40455–172.
Adv. No. 94–4204–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Jan. 24, 1995.

As Amended Feb. 21, 1995.

---

David A. Sosne, Ann R. Sachar, St. Louis, MO, for debtor/defendant.

Jill M. Palmquist, Clayton, MO, for plaintiff.

Robert J. Blackwell, St. Louis, MO, Trustee.

### MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is the Complaint for Determination of Dischargeability of Debt, filed on behalf of Mary A. Newmark ("Plaintiff"). In Count I, the Plaintiff has requested that attorney fees awarded to her lawyer as part of a settlement conference order in a state court dissolution proceeding against Leonard Newmark ("Debtor/Defendant") be declared nondischargeable as being in the nature of support. In Count II, the Plaintiff has requested the same ruling as to attorney fees awarded to her lawyer in the final dissolution decree. In Count III, the Plaintiff has requested that the Court determine that an award in the amount of $47,-000.00 is not dischargeable support, notwithstanding a reference to the award as a division of the marital property. The Plaintiff has asked the Court to dismiss the prayer for relief in Count I, while retaining the factual allegations. This request was granted by an Order dated January 4, 1995. The parties have agreed to submit the entire remaining

matters to the Court on the Memoranda of Law filed by both parties, as well as a Joint Stipulation of Facts.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. These determinations and this order are the final findings, conclusions and orders of the Bankruptcy Court.

### Facts

The current adversary proceeding has arisen from events surrounding the dissolution of the marriage of the Plaintiff and the Defendant. On June 12, 1992 the Debtor filed a Petition for Dissolution of Marriage in St. Louis County Circuit Court. On September 11, 1992, the state court ordered maintenance, child support and attorney fees for the Plaintiff. The Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on January 28, 1994 (prior to the conclusion of the dissolution proceeding). This Court modified the automatic stay to allow the dissolution proceedings to continue. On March 14, 1994, the state court entered a judgment in the dissolution case and awarded permanent child support ($150.00/month) and maintenance ($3,200.00/month) to the Plaintiff, as well as attorney fees to the Plaintiff's lawyer ($7,000.00). As a part of the Dissolution Decree, the court entered a judgment against the Debtor and awarded the Plaintiff $47,000.00 as her share of the marital property. The Plaintiff then commenced the instant adversary complaint on May 2, 1994.

### Discussion

#### I

The first issue in this case involves the dischargeability of the attorney fees awarded to the Plaintiff's lawyer in the Dissolution Decree.[1] Section 523(a)(5)(B) of the

---

1. The Decree reads in pertinent part, "Petitioner is ordered to pay to attorney Steve Cohen the sum of $7,000 as and for additional attorneys fees." *Decree of Dissolution*, Circuit Court of St.

Bankruptcy Code reads in pertinent part as follows:

> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property agreement, but not to the extent that—
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

This language requires that an award of attorney fees in a dissolution case must satisfy several requirements before a bankruptcy court may hold it nondischargeable. *See In re Garcia,* 174 B.R. 529 (Bankr.W.D.Mo. 1994). To declare such a debt nondischargeable, the bankruptcy court must find the following: (1) the obligation is a debt "to the spouse, former spouse, or child"; (2) the obligation is for "alimony, maintenance, or support"; (3) the debt is actually in the nature of support; and (4) the obligation arose in connection with a separation agreement, divorce decree or other court order. *Id.* at 531. In this case the critical determination is whether the award of attorney fees was "to" the debtor's former wife.

The Eighth Circuit addressed this issue of attorney fee dischargeability in a different factual setting in *In re Williams,* 703 F.2d 1055 (8th Cir.1983). In that case, the dissolution court apparently awarded attorney fees to the ex-wife, not to the ex-wife's attorney.[2] The Court of Appeals eventually held that attorney fees granted as a result of a dissolution proceeding could be "in the nature of support," and, in the particular case before the court, it found the fees to be nondischargeable support. Many courts

have ruled the same way on similar factual grounds. *See, e.g., In re Smith,* 152 B.R. 604 (Bankr.W.D.Mo.1993); *In re Lombardo,* 150 B.R. 730 (Bankr.E.D.Mo.1993); *In re Ellis,* 149 B.R. 925 (Bankr.E.D.Mo.1993); *In re Burns,* 149 B.R. 578 (Bankr.E.D.Mo.1993).

However, not all courts have found the award of attorney fees in a dissolution proceeding to be a nondischargeable support obligation. In a recent case, Chief Judge Frank W. Koger of the Western District of Missouri concluded that when a dissolution court awards attorney fees directly to the attorney for the nondebtor's ex-spouse, the attorney fees are dischargeable in a bankruptcy proceeding. *Garcia,* 174 B.R. at 532. Judge Koger relied on the actual wording of § 523(a)(5), which renders nondischargeable any support obligation "to the spouse, former spouse, or child." The obligation was dischargeable because the award was made directly to the attorney and not to the debtor's "former spouse." This literal interpretation of the statute comports with Supreme Court directives to follow the plain meaning of statutes. *See, e.g., Rake v. Wade,* —— U.S. ——, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993); *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

This Court has concluded that it will follow the reasoning of the *Garcia* case and find that, under the circumstances presented here, the attorney fees awarded to the Plaintiff's attorney are dischargeable.[3] The clear language of Section 523(a)(5) mandates such a decision. The state court awarded fees directly to the Plaintiff's attorney, not to the spouse, ex-spouse, or child; therefore, no exception from discharge for these attorney fees exists in the Bankruptcy Code. *See also In re Kline,* 174 B.R. 525 (W.D.Mo.1994) (attorney fees awarded directly to the attorney pursuant to a dissolution decree are dischargeable in bankruptcy). Accordingly, the Plaintiff's request for an order of nondis-

---

Louis County, State of Missouri, Case No. 638491, March 14, 1994.

**2.** According to the opinion, the debtor listed the relevant debts as "financial obligations to [his ex-wife]."

**3.** The language of Section 523(a)(5) has not been changed by the Bankruptcy Reform Act of 1994.

chargeability in Count II of her Complaint is denied.

## II

■ In Count III the Plaintiff has requested that the Court find that her judgment for her share of the marital property is nondischargeable because it was a postpetition award and because satisfaction of the award would not affect property of the estate. Generally, a debt owed pursuant to a property settlement is not a maintenance and support obligation and is, therefore, not an exception to discharge pursuant to Section 523(a)(5). *See Ellis,* 149 B.R. at 927; *In re Boehmer,* 119 B.R. 703, 705 (Bankr.E.D.Mo. 1990). However, debts incurred by a debtor after a bankruptcy petition has been filed are not subject to the Order of Discharge entered in that case. If the debt here qualifies as a postpetition debt, it may not be dischargeable. But such is not the case.

■ The state court judgment in favor of the Plaintiff for her share of the marital property was not a postpetition debt. When the Debtor filed his bankruptcy petition, the dissolution proceeding had already been commenced. The state court entered the decree of dissolution after this Court granted relief from the stay to permit continuation of the divorce action. Under these circumstances, the state court decree liquidated the parties' claims that existed as of the commencement of the bankruptcy proceeding. Thus, the obligations listed in the dissolution decree did not cause the Debtor to incur new postpetition debt. The claim existed prior to the bankruptcy filing. The dissolution decree merely confirmed that fact, essentially liquidating a prepetition claim.

■ The award as to marital property still may be non-dischargeable if the award is actually in the nature of maintenance or support, regardless of how the state court characterized the judgment. *See Williams,* 703 F.2d at 1057. In a bankruptcy proceeding, the function of the award determines whether it is maintenance or support. *Id.* In the case at bar, the dissolution decree is divided into distinct sections. One section delineates custody arrangements and grants the Plaintiff $150.00 per month as child support. The next section concerns maintenance wherein the Debtor is ordered to pay the Plaintiff $3,200.00 per month. The final section is entitled "Other Orders" and provides that "[r]espondent [the Plaintiff] is awarded a judgment in the sum of $47,000 against Petitioner [Debtor] as and for her share of the marital property; the parties represent to the Court that no marital property or separate property remains to be apportioned by the Court." *Dissolution Decree,* p. 2. A complete reading of these sections clearly indicates that neither the parties nor the State Court intended the property settlement arrangement to comprise any maintenance or support. The distinction between the sections reflects the parties' intentions, so that this Court may find that the $47,000.00 judgment for the Plaintiff is not in the nature of maintenance or support, but instead is part of a property settlement agreement. *See In re Dimmitt,* 132 B.R. 617, 619 (Bankr. W.D.Mo.1991) ("[I]f the payment in question had been intended as maintenance, it would have been located in the maintenance section, not the property settlement section, and would have been in an amount reflecting the actual needs of plaintiff.") In light of this finding, the Plaintiff's judgment for her share of the marital estate is dischargeable.

■ The Plaintiff has suggested that any action by this Court regarding the division of marital property may be invalid because a bankruptcy court may be without jurisdiction over such awards when it grants relief from the stay so a dissolution proceeding may continue. *See In re White,* 851 F.2d 170 (6th Cir.1988) ("[W]e are not sure [the bankruptcy court] can review or reject the state court's action in allocation of the marital estate once the stay is lifted.). This Court's conclusion does not review or reject the state court's allocation of the marital estate. Rather, the decision of this Court simply determines the effect of the state court's decree of dissolution upon the bankruptcy proceedings. Declaring a debt dischargeable does not reject the initial validity of that debt. Therefore, the Court has not acted outside of its jurisdictional bounds.

■ Finally, the Plaintiff argues that the judgment is not dischargeable because it

does not affect property of the estate. The Debtor has claimed as exempt his interest in property held as a tenant by the entirety with his wife to the extent the interest is exempt from process under applicable non-bankruptcy law. *See* Schedule C, Case No. 94–40455–172. In certain circumstances, property held as a tenant by the entirety that is claimed as exempt may remain exempt in the absence of objection by the trustee. *See In re Johnson*, 132 B.R. 403, 405 (Bankr.E.D.Mo.1991) (bankruptcy court did not consider validity of claimed exemptions because trustee did not object). The Plaintiff here believes that such circumstances exist and, therefore, that any of her property that she considers tenancy by the entirety property should not be subject to administration in this case. However, even if this were the case, it would not render the judgment nondischargeable. The rights and interests of the parties were fixed at the time the Debtor filed his bankruptcy petition. That date also fixed the time for defining the property of the estate. Absent an order of the Bankruptcy Court, a dissolution decree does not, of itself, remove property from the estate.

Therefore, by separate Order, based on the foregoing, the Plaintiff's requests in her Complaint to Determine Dischargeability of Debts are denied.