In re Mark SIMMONS, Debtor.

Lynn RICCI, Plaintiff,

v.

Mark SIMMONS, Defendant.

Bankruptcy No. 94–43816–172.
Adv. No. 94–4384–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 28, 1995.

John V. LaBarge, Jr., Chapter 7 trustee, St. Louis, MO.

Lynn Ricci, St. Louis, MO, pro se plaintiff.

David L. Campbell, St. Louis, MO, for debtor/defendant.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the motion of Mark Simmons ("Defendant") for either judgment on the pleadings, or for summary judgment on the Complaint of Lynn Ricci ("Plaintiff") to determine that a certain debt is not dischargeable as being a debt for alimony, maintenance or support pursuant to 11 U.S.C. § 523(a)(5). This Memorandum is entered after a consideration of the record as a whole.

To the extent that matters outside the pleadings have been presented to the Court in the Defendant's motion, such matters are excluded for purposes of this consideration and the matter will be addressed as a request for judgment on the pleadings. Specifically, the matters in Paragraph 4 of the Defendant's motion and the responses thereto in Paragraph 4 of the Plaintiff's answer and objection are excluded.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

Prior to the commencement of this Chapter 7 case, the Missouri Circuit Court dissolved the marriage of the Defendant/Debtor and his former spouse. As part of the Decree of Dissolution entered on January 13, 1994, the Circuit Court ordered the Defendant/Debtor to pay child support and maintenance. In a separate sentence in the Decree the Court directed that the Defendant/Debtor "is to pay to Lynn Ricci, attorney for Petitioner [Debtor's former spouse] the sum of $1,500 as and for additional attorneys fees and the sum of $35 as and for costs ..." *Attachment to Adversary Complaint,* No. 94–4384, page 2.

The Court of Appeals for the Eighth Circuit has held that, in certain circumstances, attorney fees granted to a former spouse as a result of a dissolution proceeding may be "in the nature of support," and, therefore, nondischargeable. *In re Williams,* 703 F.2d 1055 (8th Cir.1983). However, when a dissolution court awards attorney fees directly to the attorney, and not to the spouse, former spouse, or child, Bankruptcy Courts have

concluded that the fee awards are dischargeable debts. *See Newmark v. Newmark,* 177 B.R. 286 (Bankr.E.D.Mo.1995); *Hartley v. Townsend,* (In re Hartley) 177 B.R. 902 (Bankr.E.D.Mo.1995); *In re Kline,* 174 B.R. 525 (W.D.Mo.1994); *In re Garcia,* 174 B.R. 529 (Bankr.W.D.Mo.1994).

In the matter being considered here, the award was made directly to the Plaintiff as attorney and not to a spouse, former spouse, or child. The clear language of the statute requires that the debt be *to* a spouse, former spouse or child of a debtor. This unambiguous language was not changed by the Amendments to the Bankruptcy Code in the Bankruptcy Reform Act of 1994.

This determination is supported by the opinions of the United States Supreme Court that have indicated that Bankruptcy Courts are to follow the plain meaning of statutes. *See Rake v. Wade,* —— U.S. ——, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993); *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

The Defendant is, therefore, entitled to judgment on the pleadings.

### ORDER

On consideration of the record as a whole, and consistent with the Memorandum entered in this matter,

**IT IS ORDERED** that this matter is concluded; and that the motion of Mark Simmons, Defendant, for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure is granted; and that as and for judgment on the pleadings, the Plaintiff's request to determine that a debt owed to Lynn Ricci, Plaintiff, is denied; and that all other requests in the pretrial motion and in the pleadings in this matter are denied as moot.