In re Michael Robert IANKE, Debtor.

**Theresa C. IANKE and John P. Brown, Plaintiffs,**

v.

**Michael Robert IANKE, Defendant.**

**Bankruptcy No. 94–44023–172.**
**Adv. No. 94–4421–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

July 12, 1995.

298

David A. Sosne, Trustee, St. Louis, MO.

Michael E. Doyel, St. Louis, MO, for plaintiffs.

Linda A. Colburn, Clayton, MO, for debtor/defendant.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The trial of this Adversary Proceeding was commenced and concluded on March 27, 1995. The parties were granted additional time to submit memoranda of law. This Memorandum and related Order are entered upon a consideration of the record as a whole.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. These findings and determinations and orders are the final findings and conclusions of the Bankruptcy Court.

The marriage of Theresa C. Ianke Miller ("former spouse"), a Plaintiff here, and Michael Robert Ianke ("Debtor") was dissolved by an Order of the St. Louis County Circuit Court on April 7, 1994. Approximately three months later, the Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. The Debtor's former spouse and her divorce attorney filed an Adversary Complaint requesting a determination that certain awards in the Dissolution Decree are not dischargeable.

In its Decree of Dissolution, the Circuit Court incorporated the Separation Agreement executed by the Debtor and his former spouse on March 29, 1994. The Debtor (Respondent in the dissolution proceeding) was ordered to pay $300.00 per month as maintenance for a period of 42 months. He was also ordered to pay the amount of $750.00 per month for the couple's two children. The Debtor has agreed that these awards are not dischargeable pursuant to 11 U.S.C. § 523(a)(5) as being maintenance, alimony or support.

The Debtor was also ordered to pay to John Brown, Attorney for Theresa C. Ianke as Petitioner in the dissolution proceeding, the amount of $1,375.00 as attorney's fees. In addition, the Debtor agreed to pay the outstanding balances on a number of credit card accounts totaling $7,096.14. The agree-

ment to pay the credit card balances includes the following:

> Respondent hereby indemnifies and holds Petitioner harmless and shall defend Petitioner from and against all claims and liabilities and shall reimburse Petitioner for any and all expenses made or incurred by Petitioner, either directly or indirectly, including reasonable attorney's fees, as a result of Respondent's failure to pay or otherwise satisfy the specific debts and liabilities assumed by Respondent under these paragraphs. *Respondent is prohibited from discharging Respondent's obligations to Petitioner through bankruptcy.* (emphasis added)

*Separation Agreement,* attachment to Plaintiffs' Exhibit No. 1, para. H.4

The Parties further agreed:

> *ATTORNEYS FEES:* Respondent shall pay to John Brown, Attorney for Petitioner, the sum of $1,375.00 as and for Petitioner's attorney's fees incurred in this matter. Respondent shall pay said sum to John P. Brown at the rate of $100.00 per month, beginning on April 1, 1994. *Said amount shall be nondischargeable in bankruptcy.* In the event Respondent does not make said monthly payment to John P. Brown as set forth above, then all unpaid amounts shall become immediately due and payable. (emphasis added)

*Separation Agreement, Id.,* para. I.

At the time of the dissolution of the marriage, Theresa C. Ianke did not hold a high school degree and her income was approximately $400.00 per month. The Debtor's gross income at that time was approximately $3,000.00 per month.

Theresa C. Ianke testified that she had agreed to accept a smaller amount as the award of maintenance because the Debtor had agreed to pay her attorney's fees and the outstanding credit card debt. She also stated that she relied on the Debtor's agreement that these debts would be not dischargeable in a bankruptcy case. The Debtor and Theresa C. Ianke were each represented by their own legal counsel during the dissolution proceedings. Neither the Separation Agreement nor the Dissolution Decree ordered that the attorney's fees or the credit card payments be made to the former spouse. Although the Debtor is to pay the attorney's fees directly to Theresa C. Ianke's attorney, the language with respect to the credit card balances does not identify a specific payee.

### Discussion

The Bankruptcy Code encourages a debtor's "fresh start" by providing for the discharge of most prepetition debt. However, Congress excepted certain categories of debt which for overriding public policy reasons are not dischargeable in bankruptcy. The Bankruptcy Courts implement the "fresh start" policy by interpreting these exceptions narrowly. One such category includes debts to a spouse, a former spouse or child that are assumed by or allocated to a debtor for familial support upon marital dissolution or by court order.

The relevant code section provides that "(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—(5) to a spouse, former spouse, or a child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USCS § 602(a)(26) ], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support;" 11 U.S.C. § 523(a)(5).

This Court has previously held that a debt arising from a marital dissolution proceeding *must satisfy several requirements* before a Bankruptcy Court may hold it nondischargeable under Section 523(a)(5). *In re Newmark,* 177 B.R. 286, 289 (Bankr.E.D.Mo.

1995). Referring to earlier decisions, the Court listed some of these requirements as: 1) The obligation is a debt to the spouse, former spouse, or child of the debtor; 2) the obligation is for alimony, maintenance, or support; 3) the debt is actually in the nature of alimony, support, or maintenance; and 4) the obligation arose or was made in connection with a separation agreement, divorce decree or order by a court of record. *In re Garcia,* 174 B.R. 529, 531 (Bankr.W.D.Mo. 1994).

### Debt to a Spouse

■ The first requirement in this analysis is that the debt is a debt to a spouse, former spouse or child of the debtor. In *Newmark,* the decree of dissolution awarded the attorney's fees directly to the attorney for the non-debtor ex-spouse. This Court held that the debt was dischargeable in bankruptcy because it was not within the exceptions to discharge mandated by the plain language of Section 523(a)(5) as a debt to a spouse, former spouse or child of the debtor. *Newmark,* 177 B.R. at 289.

In the case at bar, the Decree of Dissolution directed the Debtor to pay the attorney's fees directly to the attorney for his former spouse and adopted the Debtor's written agreement that this debt was not dischargeable in bankruptcy. However, neither the Separation Agreement nor the Decree of Dissolution describes a bankruptcy reason for the non-dischargeability of these obligations. Other than the specific exceptions to discharge listed in various sections of the United States Code, most notably Section 523, a debtor under Title 11 is entitled to a discharge of all prepetition debts. The Plaintiffs have argued that in agreeing to the non-dischargeability and indemnification language in the Separation Agreement, the Debtor intended to show that the debts were maintenance. However, in these circumstances, this conclusion as to the nature of the Debtor's obligations under the Separation Agreement cannot be based solely on the language of the document.

■ In the Separation Agreement the Debtor agreed to indemnify and hold harmless his former spouse with respect to certain credit card debts. By agreement, the Debtor is required to pay the credit card debt and indemnify his former spouse. This requirement to indemnify and hold the former spouse harmless gives rise to an obligation between the former spouse and the Debtor that is separate from the obligation to the credit card issuers. *See In re Reiff,* 166 B.R. 694 (Bankr.W.D.Mo.1994), (the former spouse could enforce the nondischarged indemnification only to the extent she paid the debts that were subject to the indemnification agreement); *but see In re Maune,* 133 B.R. 1010, 1014 (Bankr.E.D.Mo.1991), (the underlying debts, as well as the indemnity agreements, were in the nature of maintenance and therefore were not dischargeable; unlike the *Maune* circumstances, the Parties in the dissolution proceeding in the matter being considered here did not specifically agree that their financial obligations "are tantamount to maintenance"; *id.* at 1014).

In the Separation Agreement, the Debtor agreed to "pay and be responsible for ... and ... indemnify and hold harmless" his former spouse with respect to certain credit card debts, and that he "is prohibited from discharging [his] obligations to [Theresa Ianke] through bankruptcy." *Separation Agreement* at paras. H.1 and H.4. This language is included in the paragraph that discusses indemnification and the credit card debt. Without more, this nondischargeability agreement is not binding on the Bankruptcy Court's determination here. Without more, the Court can only find and conclude that the Parties intended, for some unstated reason, that the obligation to indemnify was not dischargeable in bankruptcy.

The Debtor agreed to "pay to John Brown, Attorney for Petitioner, the sum of $1,375.00 ..." *Separation Agreement,* para. I. Clearly, under the agreement, the attorney's fees are not payable to the Debtor's spouse, former spouse or child. Pursuant to the plain language dictates of *Newmark* and *Garcia,* the requirement of Section 523(a)(5) that the debt be to a spouse, a former spouse or child of the debtor has not been satisfied. But for the Debtor's agreement that the obligation is not dischargeable, the inquiry concerning attorney's fees would go no further.

The language of the Separation Agreement with respect to the obligation to pay the credit card debt does not identify the entity to whom the payment is to be made. Although it is likely that the Debtor is to pay the credit card debt to an entity other than his former spouse, the lengthy history of the development of the case law in this area suggests that in the absence of a clearly identified payee, the Bankruptcy Court is not precluded from a further inquiry into the nature of the award. The crucial issue is the function the award was intended to serve.

As noted earlier, the contract that is the Separation Agreement created a bargained for obligation between the former spouse and the Debtor. If this obligation satisfies the other requirements discussed here, it may be nondischargeable.

### Maintenance, Alimony, Support

To apply the second and third *Garcia* requirements to the case at bar, the Court must determine if the debts are for the support of the former spouse, or if they are in settlement of marital property claims. Debts in the nature of a property settlement are, absent other circumstances, dischargeable in bankruptcy while those in the nature of maintenance or support are nondischargeable under Section 523(a)(5) if all other requirements are met.

The Debtor has argued that his agreement to pay certain debts was part of a property settlement. The former spouse and her attorney testified at this trial that the agreement was in lieu of increased maintenance payments and is therefore in the nature of support. Generally, in a Chapter 7 case, the obligor wants the debt dischargeable and the obligee wants the debt nondischargeable. *In re Brody*, 120 B.R. 696, 699 (Bankr.E.D.N.Y.1990). Whether a particular debt is in the nature of a support obligation or a property settlement is a question of federal bankruptcy law, not state law. *In re Williams*, 703 F.2d 1055, 1056 (8th Cir.1983).

In determining whether an award is in the nature of a maintenance or support obligation, the crucial issue is the function the award was intended to serve. *Williams,*

703 F.2d at 1057. Bankruptcy courts are not bound by state law or by the divorce decree definitions or characterizations of an item as either maintenance or property settlement. *Id.*

In *Williams*, the Eighth Circuit found that "undertakings by one spouse to pay the other's debts, including a debt to a lawyer for fees, can be 'support' for bankruptcy purposes". *Id.* at 1057. Financial transfers intended to help a spouse meet monthly expenses are in the nature of support. *Id.* Whether such an obligation is in fact for support and therefore not dischargeable in bankruptcy, is a "question of fact to be decided by the Bankruptcy Court as trier of fact in light of all the facts and circumstances relevant to the intention of the parties". *Williams,* 703 F.2d at 1057–58.

The facts before the Court are that at the time the Separation Agreement was signed the Debtor's income was approximately $3000.00 per month and the former spouse's income was approximately $400.00 per month. Theresa C. Ianke's economic potential was limited by her lack of a high school diploma. Even with the child support and maintenance payments factored into her gross monthly household income, the total of $1,480.00 for herself and her two teenage children is less than half that of the Debtor at that time. If Theresa C. Ianke were to pay the credit card and attorney's fee debts from this monthly income, her ability to meet the regular monthly family expenses would be severely impaired. Thus, in these circumstances, the Debtor's agreement to indemnify Theresa C. Ianke and his agreement as to non-dischargeability served the function of providing maintenance and support to her and the children.

The terms of the Separation Agreement clearly expressed the Debtor's intention that he was liable for the obligations under the Agreement, and that his liability to his former spouse would not be discharged in bankruptcy. In the context of the other undertakings in the Separation Agreement, and in the circumstances presented here, the Court has determined that the Debtor and his former spouse intended that these obligations were in the nature of maintenance and sup-

port. The Debtor filed a Bankruptcy Petition three months after the dissolution decree was entered and did not dispute that the filing of the petition was not precipitated by a change in his circumstance.

Therefore, considering all the facts and circumstances, the Court finds that the Debtor's obligations to indemnify and hold harmless the former spouse as to certain credit card and attorney's fees debts were in the nature of maintenance and support. The determination of nondischargeability extends only to the Debtor's obligation created under the Separation Agreement to indemnify and hold harmless. Any other obligation of the Debtor to pay the credit card and attorney's fees debts to entities other than his former spouse is not nondischargeable.

### ORDER

On consideration of the record as a whole, and consistent with the determinations set out in the Memorandum entered in this matter,

IT IS ORDERED that this matter is concluded; and

That as to Count I of this Adversary Complaint, judgment is entered in favor of Theresa C. Ianke, Plaintiff, and against Michael Robert Ianke, Defendant; and that said Defendant's obligations to said Plaintiff, arising from the Defendant's agreement in the Parties' Separation Agreement and as adopted in a related non-bankruptcy Court order, to indemnify and hold harmless said Plaintiff as to certain credit card debts, are not dischargeable in this Bankruptcy case as being in the nature of maintenance, alimony or support, pursuant to 11 U.S.C. § 523(a)(5); and

That as to Count II of this Adversary Complaint, judgment is entered on behalf of Theresa C. Ianke, Plaintiff and against the Defendant; and that said Defendant's obligations to said Plaintiff, arising from the Defendant's agreement in the Parties' Separation Agreement and as adopted in a related non-bankruptcy Court order, to indemnify and hold harmless said Plaintiff as to certain attorney's fees payable to John P. Brown, are not dischargeable in this Bankruptcy

case as being in the nature of maintenance, alimony or support, pursuant to 11 U.S.C. § 523(a)(5); and

That the requests of John P. Brown, Plaintiff, in Count I and Count II of this Adversary Complaint, to determine that the Defendant's obligation to pay to John P. Brown the amount of $1,375.00 as attorney's fees, is not dischargeable pursuant to 11 U.S.C. § 523(a)(5) is denied; and to that extent, judgment on Count I and Count II is entered in favor of the Defendant and against John P. Brown, Plaintiff; and

That to the extent that this Adversary Complaint requests that the Debtor's obligations to pay credit card and attorney's fees debts to entities other than Theresa C. Ianke, his former spouse, said request is denied; and

That all other requests for relief are denied.